UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE BRIAN LAMOND,<br><br>Defendant. | CRIMINAL NO. 23-cr-177-ABJ |

**UNITED STATES' MOTION *IN LIMINE* TO ADMIT A SUMMARY CHART PURSUANT TO FEDERAL RULE OF EVIDENCE 1006**

The United States of America seeks to admit a summary chart pursuant to Federal Rule of Evidence 1006. Specifically, the Government seeks to introduce a summary chart containing the Defendant's communications with Enrique Tarrio ("Tarrio") and the Proud Boys as well as members of local and federal law enforcement.[1] *See* Attachment A.

Rule 1006 permits the introduction of evidence in the form of a summary if it cannot be conveniently presented in Court otherwise. *See* Fed. R. Evid. 1006; *United States v. Hemphill*, 514 F.3d 1350, 1358-59 (D.C. Cir. 2008) (noting that as long as a party has laid a foundation for the underlying documents, a chart summarizing them can itself be evidence under Rule 1006) (citing *United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir.1998)); *see also United States v. Weaver*, 281 F.3d 228, 233 (D.C. Cir. 2002) (chart summarizing documents admissible even without underlying documents in evidence or cautionary instruction given to jury).

The attached summary chart of the Defendant's communications with Tarrio and the Proud Boys as well as members of law enforcements is relevant and admissible evidence, and is drawn

---

[1] A thorough recitation of the charges and facts the Government will prove at trial will be provided in the Government's Motion to Admit Certain Evidence Pursuant to Federal Rules of Evidence 801(d)(2) and 807, which it intends to file this afternoon.

from voluminous records. The summary chart is a detailed timeline that contains Google Voice Messages, iMessages, Telegram Secret Chats, Telegram Private Chats, travel records, police records, phone calls, and emails spanning nearly 16 months (October 2019 through January 2021). The Government has identified approximately 676 communications between the Defendant and Tarrio: Google Voice Messages (94), iMessages (294), Telegram Secret Chats (209), and Telegram Private Chats (79). These records, which are drawn from an 18,195 page Cellebrite report of Tarrio's phone, were produced to the Defendant on May 24, 2023 (ECF No. 16). In addition, the Government has identified other relevant phone records and text communications related to the investigation and arrest of Mr. Tarrio, contemporaneous to his communications with the Defendant. These records, which include data from the Defendant's phone and span over 5,000 pages, were produced to the Defendant on June 26, 2023 (ECF No. 18).

The Government's summary chart organizes information from a multitude of voluminous sources (Cellebrite reports containing encrypted and unencrypted communications, phone records, emails, and other documentary evidence) and allows the jury to easily compare the relevant information within the timeline of the investigation and arrest of Tarrio. *See United States v. Abou-Khatwa*, 40 F.4th 666, 684-85 (D.C. Cir. 2022) (allowing admission of a summary exhibit that required lining up and comparing information provided in the documents themselves, therefore requiring no inferences, but prohibiting admission of a summary chart which required witness going beyond summarizing records and required adding the preparers own inferences); *see also United States v. Cooper*, 949 F.3d 744, 750 (D.C. Cir. 2020) (finding in a tax refund fraud case that it was "[l]ittle wonder that the [summary] charts were admitted without objection" where they summarized bank records, tax returns, and refund checks showing dates of certain transactions compared to other activity) (citations omitted); *United States v. Lemire*, 720 F.2d

1327, 1348 (D.C. Cir. 1983) (accurate and nonprejudicial summaries "can help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of a multitude of witnesses [or documents] throughout the trial").

The factually complex and voluminous information within the summary chart, organized so the jury can evaluate and understand it, is evidence the government needs to introduce to prove the Defendant obstructed the MPD Burner Banning Investigation as alleged in Count 1, *see* ECF at ¶ 74, and lied to investigators during his June 2, 2021, interview, as alleged in counts 2-4, *see id.* at ¶¶ 76, 78, 80.  The summary chart illustrates the ongoing and close personal relationship between the Defendant and Tarrio, the ways in which the Defendant sought out information specifically relevant to the MPD Banner Investigation and other police activity, the multitude of sensitive law enforcement information the Defendant communicated to Tarrio about the MPD Banner Investigation and other police activity, and the complete lack of information the Defendant provided to MPD or any law enforcement agency about Tarrio's criminal conduct.  As this evidence comes from many different complex records, exceeding thousands of pages, and is relevant and probative to the charged offenses, it is admissible pursuant to Rule 1006. *See e.g.*, Abou-Khatwa, 40 F.4th at 679-80 (finding that evidence in summary charts contained necessary evidence to prove element of charged health care fraud and was admissible); *Cooper*, 949 F.3d at 750 (noting that summary witnesses testifying about summary are used "to help convince the jury that the defendant is guilty as charged").

In short, because these records are voluminous and cannot be conveniently presented to the Court otherwise, and because the evidence is relevant and admissible, the Court should admit the attached summary exhibit pursuant to Rule 1006.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Joshua S. Rothstein*
Joshua S. Rothstein
N.Y. Bar Number 4453759
Rebecca G. Ross
N.Y. Bar Number 5590666
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-252-7164 (JSR), 202-252-6937 (RR)
Joshua.Rothstein@usdoj.gov
Rebecca.Ross2@usdoj.gov