## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. 23-cr-177-ABJ** |
| **SHANE BRIAN LAMOND,** | |
| **Defendant.** | |

### GOVERNMENT'S PRETRIAL STATEMENT

The United States respectfully submits this Pretrial Statement containing the Government's: Proposed Neutral Statement of the Case; Estimate of the Number of Days of Trial; List of Outstanding Motions *in Limine*; Proposed *Voir Dire* Questions; Proposed Jury Instructions; Witness List; Expert List; Exhibit Lists; and Proposed Verdict Form.  The parties have not agreed to any stipulations in this matter.

### I.    Government's Proposed Neutral Statements of the Case

This is a criminal case.  Shane Brian Lamond is the defendant.  Mr. Lamond has been charged with three counts of false statements and one count of one count of obstruction of justice. Mr. Lamond was a Lieutenant in the District of Columbia Metropolitan Police Department ("MPD") and supervised the Intelligence Branch of MPD's Homeland Security Bureau.  The Proud Boys ("Proud Boys") described itself as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western Chauvinists."  Members of the Proud Boys routinely attended rallies, protests, and other events in the District of Columbia, some of which resulted in violence involving members of the group.  Enrique Tarrio was the national chairman of the Proud Boys.

It is alleged that, as early July 2020, Mr. Lamond began using Telegram to provide information to Tarrio about law enforcement activity relating to Proud Boys' activities in D.C.

On December 12, 2020, Tarrio and other members of the Proud Boys attended a rally in Washington, D.C. organized to protest the results of the 2020 Presidential Election.  Later in the evening, Tarrio participated in the theft and burning of a banner that read "#BLACKLIVESMATTER."   After the theft and burning was reported to law enforcement, MPD initiated an investigation.

It is alleged that Mr. Lamond gave Tarrio confidential law enforcement information into banner burning investigation.  It is further alleged that Tarrio then passed this information along to other Proud Boys members and took action based on the sensitive information.

It is alleged that, on or about January 4, 2021, following the issuance of an arrest warrant for Tarrio in connection with the burning of the BLM banner, while Tarrio was on a flight from Miami, Florida to Arlington, Virginia, Mr. Lamond, using Telegram, sent Tarrio a notification that a warrant had been signed for his arrest in the District of Columbia.  After arriving in Arlington, Virginia and driving into the District of Columbia, Tarrio was arrested on the warrant and subsequently pleaded guilty to one count of destruction of property in connection with the burning of the banner.

It is alleged that, during a subsequent interview with federal law enforcement, Mr. Lamond made false and misleading statements regarding his communications and contacts with Tarrio. These false and misleading statements related to: (1) whether Mr. Lamond had provided Tarrio with sensitive law enforcement information; (2) whether Mr. Lamond had notified Tarrio about the status of the MPD investigation into the banner burning; and (3) whether Mr. Lamond notified Tarrio about his pending arrest warrant.

Lamond has pleaded not guilty and denies all of the charges in the Indictment.

## II.    Estimate of the Number of Days of Trial

The Government expects that its case-in-chief will take five (5) days and, if necessary its rebuttal case will take one (1) day.

## III.    List of Outstanding Motions *in Limine*

The following motions are outstanding:

- United States' Motion *in Limine* to Admit a Summary Chart Pursuant to Federal Rule of Evidence 1006 (D.E 39); and

- United States' Motion to Admit Certain Evidence Pursuant to Federal Rules of Evidence 801(d)(2) and 807 (D.E. 29).

## IV.    Government's Proposed *Voir Dire* Questions

Knowledge of the Parties

1. The Defendant is Shane Brian Lamond, a resident of the State of Virginia and was employed as a Police Officer by the District of Columbia Metropolitan Police Department.  Do you know him?

Experience with the Legal System and U.S. Government

2. Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

3. Have you, or any of your family, close friends, or household members, ever worked for or with an office that handles prosecution?  By "prosecution," the question means government agencies such as the United States Attorney's Office, a district attorney's office, or an attorney general's office.

4. Have you, or any of your family, close friends, or household members, ever worked for or with a law enforcement agency? By "law enforcement," this question means government agencies like the U.S. Park Police, Immigration and Customs Enforcement Agency (ICE), the Department of Homeland Security, the Department of Corrections, state and local police and fire departments; the Metropolitan Police Department; the Federal Bureau of Investigation, also known as the FBI; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the ATF; the Drug Enforcement Administration, also known as DEA; the Internal Revenue Service the U.S. Secret Service; the CIA; and probation and parole officers.

5. Have you, or any of your family, close friends, or household members, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm?  This question also includes work as a private investigator.

6. Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including D.C. Superior Court, or the U.S. District Court, including the Pretrial Services Agency, CSOSA, or U.S. Probation?

7. Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above?

8. Have you had any unpleasant experiences with the police or a prosecutor or other law enforcement, whether here in D.C. or elsewhere?  Or any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

9. Do you have any beliefs or opinions about law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

10. Do you have any beliefs or opinions about the United States Attorney's Office, the U.S. Department of Justice, criminal defense attorneys, or the Federal Bureau of Investigation that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

<u>Prior Jury Service</u>

11. Has any member served as a juror in a case where in which an agreement as to a verdict was **<u>not</u>** reached?

12. Has anyone served as a foreperson for a jury?

<u>Ability to Serve and Deliberate</u>

13. Is there anything about your political beliefs or affiliations that would prevent you from following the law as I instruct you or reaching a verdict based solely on the evidence you receive during the trial?

14. Does anyone have personal beliefs about the criminal justice system that would impact their ability to render a verdict one way or the other, regardless of the evidence presented at trial and regardless of the law as I instruct you?

15. Do you have any difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

16. Are you taking any medication or do you have any physical condition that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case?

17. Do you have any difficulty speaking, understanding, reading, or writing the English language?

18. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person in a criminal trial?

19. Is there anything about the charges being brought in this case that would cause you to be prejudice or biased for or against the Federal Government, for or against any witness, or for or against the Defendant?

20. Is there anything that comes to mind that could make you either consciously or subconsciously feel strongly for or against either party, or affect your ability to be fair and impartial in this case?

21. Are you familiar with the Black Lives Matter (BLM) movement?  Is there anyone that has an opinion about Black Lives Matter (BLM) that would make it difficult for you to remain fair and impartial?

22. Are you familiar with the Proud Boys or Enrique Tarrio, the former leader of the Proud Boys?  Is there anyone that has an opinion about Proud Boys or Enrique Tarrio that would make it difficult for you to remain fair and impartial?

23. Have you had any dealings with the United States Government in which you feel the government did not give you fair treatment?

24. Are there any among you who have any claim against the United States pending at this time?

25. Do each of you understand that in federal court jurors determine whether a defendant is guilty or not guilty from the evidence, and the punishment provided for the offense charged in the indictment is a matter for the Court and should not be considered by the jury in any way in arriving at your verdict?  Will that affect your ability to sit as a juror?

26. During this trial, you my hear testimony from witnesses who have pled guilty pursuant to a court-approved plea agreement with the government under which the witness has agreed to cooperate with the government in the hope that he or she will receive a more lenient sentence in return for truthful cooperation.  Plea agreements such as these are lawful and permitted, and I will later instruct you on how to consider such testimony. Is there anything about these circumstances that will make it difficult for you to evaluate such testimony fairly and impartially in accordance with my instructions?

V.   **Government's Proposed Jury Instructions**

The Government hereby proposes the following jury instructions, subject to issues that arise during trial.  Proposed instructions that do not come from the Standardized Criminal Jury Instructions for the District of Columbia ("Redbook") are identified in the list below in bold, with the proposed language following.

**A. Joint Agreement as to the Instructions Below:**

**PRELIMINARY INSTRUCTIONS**

1. Preliminary Instructions Before Trial, Criminal Jury Instructions for the District of Columbia § 1.102

2. Notetaking by Jurors, Criminal Jury Instructions for the District of Columbia § 1.105

3. Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed § 1.107

4. A Juror's Recognition of a Witness or Other Party Connected to the Case § 1.108

**ANTICIPATED INSTRUCTIONS DURING TRIAL**

5. Cautionary Instruction on the Use of the Internet, Criminal Jury Instructions for the District of Columbia § 1.202

6. A Stipulation of Fact § 1.103

**FINAL JURY INSTRUCTIONS**

**PART ONE**

7. Function of the Court, Criminal Jury Instructions for the District of Columbia § 2.101

8. Function of the Jury, Criminal Jury Instructions for the District of Columbia § 2.102

9. Jury's Recollection Controls, Criminal Jury Instructions for the District of Columbia § 2.103

10. Evidence in the Case, Criminal Jury Instructions for the District of Columbia § 2.104

11. Statements of Counsel, Criminal Jury Instructions for the District of Columbia § 2.105

12. Indictment Not Evidence, Criminal Jury Instructions for the District of Columbia § 2.106

13. Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107

14. Reasonable Doubt, Criminal Jury Instructions for the District of Columbia § 2.108

15. Direct and Circumstantial Evidence, Criminal Jury Instructions for the District of Columbia § 2.109

16. Redacted Exhibits, Criminal Jury Instructions for the District of Columbia § 2.500 (if applicable)

17. Number of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.111

18. Credibility of Witnesses, Redbook Criminal Jury Instructions for the District of Columbia § 2.200

19. Witness with a Plea Agreement § 2.203

20. Police Officer's Testimony, Criminal Jury Instructions for the District of Columbia § 2.207

21. Right of Defendant Not to Testify, Criminal Jury Instructions for the District of Columbia § 2.208 (if applicable)

22. Defendant as Witness, Criminal Jury Instructions for the District of Columbia § 2.209 (if applicable)

23. False or Inconsistent Statement by Defendant § 2.210 (if applicable)

24. Effect of Refusal of Witness to Answer Question § 2.211 (if applicable)

25. Invocation of Fifth Amendment Privilege Against Self-Incrimination, Criminal Jury Instructions for the District of Columbia § 2.212 (if applicable)

26. Character of the Defendant, Criminal Jury Instructions for the District of Columbia § 2.213 (if applicable)

27. Cross-Examination of Character Witness, Criminal Jury Instructions for the District of Columbia § 2.214 (if applicable)

28. Evaluation of Prior Inconsistent Statement, Criminal Jury Instructions for the District of Columbia § 2.216 (if applicable)

29. Evaluation of Prior Consistent Statement, Criminal Jury Instructions for the District of Columbia § 2.217 (if applicable)

30. Nature of Charges Not to be Considered, Criminal Jury Instructions for the District of Columbia § 2.110

31. Inadmissible and Stricken Evidence, Criminal Jury Instructions for the District of Columbia § 2.112 (if applicable)

32. Transcripts of Tape Recordings § 2.310

   **PART TWO**

33. Multiple Counts—One Defendant, Criminal Jury Instructions for the District of Columbia § 2.402

34. "On or About," Criminal Jury Instructions for the District of Columbia § 3.103

35. Proof of State of Mind, Criminal Jury Instructions for the District of Columbia § 3.101

36. Obstruction of Justice, D.C. Code § 22-722, Criminal Jury Instructions for the District of Columbia § 6.101(F)

37. **False Statement, 18 U.S.C. § 1001(a)(2)**

## FALSE STATEMENT [1]

## ELEMENTS

Count Four of the Indictment charges the Defendant with the offense of false statement. It is a crime for anyone to make a false statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government. Here it is alleged that the Defendant committed this offense when he represented to law enforcement officers that (1) his relationship with Tarrio "was more, you know, one-sided with just him telling me, you know what their plans where," when the Defendant knew that since at least July 2020, he had regularly provided Tarrio with confidential information about law enforcement activity; (2) that he had tried to find out information from Tarrio about Tarrio's involvement in the December 12, 2020, destruction of the BLM Banner "without tipping him off to the MPD investigation," when the Defendant knew that

---

[1] 2A Fed. Jury Prac. & Instr. § 40:07 (6th ed.); *United States v. Moore*, 612 F.3d 698, 700 (D.C. Cir. 2010) ("To prove [defendant] made a statement in violation of 18 U.S.C. § 1001(a)(2), the Government must show he (1) 'knowingly and willfully' (2) '[made] any materially false, fictitious, or fraudulent statement or representation' (3) in a 'matter within the jurisdiction of the executive… branch of the Government of the United States.'").

he had provided regular updates and information to Tarrio about the BLM Banner Burning Investigation; and (3) that the Defendant "didn't, you know, inform him that [Tarrio] had an arrest warrant" for Tarrio's participation in the December 12, 2020, destruction of the BLM Banner, when, in fact, as the Defendant knew, the Defendant had informed Tarrio that an arrest warrant had been issued for Tarrio.

The elements of false statement are:

*First*, the Defendant knowingly made at least one materially false, fictitious, or fraudulent statement or representation;

*Second*, in so doing, the Defendant acted willfully, knowing the statement was false;

*Third*, that the materially false, fictitious, and fraudulent statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

A false statement is made "knowingly" if the Defendant knew that it was false. A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed.[2] A statement is "false" if it was untrue when made.

The government does not need to prove that the Defendant had a purpose to mislead the federal agency,[3] or that the agency was, in fact, deceived or misled.[4] It is not relevant whether the statement influenced the actions of the agency.[5]

---

[2]  *United States v. Stadd*, 636 F.3d 630, 638 (D.C. Cir. 2011) (rejecting argument that statement must "influence a determination required to be made.").

[3] The government is not required to prove that the Defendant had a purpose to mislead a federal agency. *United States v. Yermian*, 468 U.S. 63, 68–75 (1984).

[4]  *Moore*, 612 F.3d at 701 ("a statement need not actually influence an agency in order to be material"); *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014).

[5]  *Moore*, 612 F.3d at 702 ("proof of actual reliance on the statement is not required").

The Federal Bureau of Investigation is part of the executive branch of the Government of the United States.

38. Motive, Criminal Jury Instructions for the District of Columbia § 2.307

**PART THREE**

39. Selection of Foreperson, Criminal Jury Instructions for the District of Columbia § 2.502

40. Communication Between Court and Jury During Jury's Deliberations, Criminal Jury Instructions for the District of Columbia § 2.509

41. Unanimity—General, Criminal Jury Instructions for the District of Columbia § 2.405

42. Possible Punishment Not Relevant, Criminal Jury Instructions for the District of Columbia § 2.505

43. Attitude and Conduct of Jurors in Deliberations, Criminal Jury Instructions for the District of Columbia § 2.510

44. Redacted Exhibits, Criminal Jury Instructions for the District of Columbia § 2.500

45. Exhibits During Deliberations, Criminal Jury Instructions for the District of Columbia § 2.501

46. Furnishing the Jury with a Copy of the Instructions, Criminal Jury Instructions for the District of Columbia § 2.100

47. Verdict Form Explanation, Criminal Jury Instructions for the District of Columbia § 2.407

48. Cautionary Instruction on Publicity, Communication, and Research, Criminal Jury Instructions for the District of Columbia § 2.508

49. Excusing Alternate Jurors, Criminal Jury Instructions for the District of Columbia § 2.511

50. Defendant's Theory of the Case § 9.100

**VI.** <u>**Government's Witness List**</u>

1. Elizabeth Hadley, Special Agent, FBI

2. Sean Ricardi, Special Agent, U.S. Attorney's Office

3. Gary Ciapa, Agent, Internal Affairs, Metropolitan Police Department

4. Anthony Greene, Lieutenant, Metropolitan Police Department

5.  Nicole Copeland, Detective, Metropolitan Police Department

6.  Franklyn Then, Detective, Metropolitan Police Department

7.  Ashan Mufti, Detective, Metropolitan Police Department

8.  Carolyn Scheriff, Former Director, Metropolitan Police Department

9.  Leslie Parsons, Commander, Metropolitan Police Department

10. John Haines, Commander, Metropolitan Police Department

11. Jeffrey Carroll, Assistant Chief, Metropolitan Police Department

12. Jeremy Bertino

13. Nicholas Quested

## VII.  Government's Expert Witness List

1.  Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner

    - Examiner Cain is an expert in the field of digital forensic analysis.  Her anticipated testimony will be about digital evidence collected from a cell phone belonging to Mr. Lamond and a cell phone belonging to Enrique Tarrio.

    - On January 3, 2024, the Government provided notice of Ms. Cain's testimony, including a summary of her areas of expertise and expected testimony. *See* D.E. 32.

## VIII.  Government's Exhibit List

The Government's Exhibit List is attached as Exhibit 1.

The Government respectfully reserves the right to add exhibits – using materials that have been produced previously during discovery – depending on other matters that may arise, such as cross-examination of a witness and evidence presented during trial.  The Government also respectfully reserves the right to prepare a limited number of demonstrative exhibits to aid witness testimony, based solely on the information that has already been provided through discovery.  In the event a party prepares a demonstrative exhibit, it will share it expeditiously with the Court and

parties and update its exhibit list accordingly.  Finally, the Government also respectfully reserves

the right to review and potentially object to forthcoming exhibit lists.

**IX.**   **Government's Proposed Verdict Form**

   The Government's proposed verdict form is attached as Exhibit 2.


   Respectfully submitted,

   MATTHEW M. GRAVES
   UNITED STATES ATTORNEY
   D.C. Bar Number 481052

   */s/ Joshua S. Rothstein*
   Joshua S. Rothstein
   N.Y. Bar Number 4453759
   Rebecca G. Ross
   N.Y. Bar Number 5590666
   Assistant United States Attorneys
   601 D Street, N.W.
   Washington, D.C. 20539
   Office: 202-252-7164 (JSR), 202-252-6937 (RR)
   Joshua.Rothstein@usdoj.gov
   Rebecca.Ross2@usdoj.gov