**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. 23-cr-177-ABJ** |
| **SHANE BRIAN LAMOND,** | |
| **Defendant.** | |

**JOINT PRETRIAL STATEMENT**

The United States and Counsel for Shane Brian Lamond respectfully submit this Joint Pretrial Statement containing: Proposed Neutral Statements of the Case; Estimate of the Number of Days of Trial; List of Outstanding Motions *in Limine*; Proposed *Voir Dire* Questions; Proposed Jury Instructions; Witness Lists; Exhibit Lists; Proposed Verdict Form. The parties have not agreed to any stipulations in this matter.

I.     **Proposed Neutral Statements of the Case**

The parties do not agree on the proposed neutral statement of the case, and each present their proposed neutral statements below:

A.     **Government's Proposal for Neutral Statement of the Case**

This is a criminal case. Shane Brian Lamond is the defendant. Mr. Lamond has been charged with three counts of false statements and one count of one count of obstruction of justice. Mr. Lamond was a Lieutenant in the District of Columbia Metropolitan Police Department ("MPD") and supervised the Intelligence Branch of MPD's Homeland Security Bureau. The Proud Boys ("Proud Boys") described itself as a "pro-Western fraternal organization for men who refuse to apologize for creating the modern world; aka Western Chauvinists." Members of the Proud Boys routinely attended rallies, protests, and other events in the District of Columbia, some

of which resulted in violence involving members of the group.  Enrique Tarrio was the national chairman of the Proud Boys.

It is alleged that, as early July 2020, Mr. Lamond began using Telegram to provide information to Tarrio about law enforcement activity relating to Proud Boys' activities in D.C.

On December 12, 2020, Tarrio and other members of the Proud Boys attended a rally in Washington, D.C. organized to protest the results of the 2020 Presidential Election.  Later in the evening, Tarrio participated in the theft and burning of a banner that read "#BLACKLIVESMATTER."   After the theft and burning was reported to law enforcement, MPD initiated an investigation.

It is alleged that Mr. Lamond gave Tarrio confidential law enforcement information into banner burning investigation.  It is further alleged that Tarrio then passed this information along to other Proud Boys members and took action based on the sensitive information.

It is alleged that, on or about January 4, 2021, following the issuance of an arrest warrant for Tarrio in connection with the burning of the BLM banner, while Tarrio was on a flight from Miami, Florida to Arlington, Virginia, Mr. Lamond, using Telegram, sent Tarrio a notification that a warrant had been signed for his arrest in the District of Columbia.  For this conduct, Mr. Lamond has been charged with obstruction of justice, in this criminal matter.

After arriving in Arlington, Virginia and driving into the District of Columbia, Tarrio was arrested on the warrant and subsequently pleaded guilty to one count of destruction of property in connection with the burning of the banner.

It is alleged that, during a subsequent interview with federal law enforcement, Mr. Lamond made false and misleading statements regarding his communications and contacts with Tarrio. These false and misleading statements related to: (1) whether Mr. Lamond had provided Tarrio

with sensitive law enforcement information; (2) whether Mr. Lamond had notified Tarrio about the status of the MPD investigation into the banner burning; and (3) whether Mr. Lamond notified Tarrio about his pending arrest warrant.  For this conduct, Mr. Lamond has been charged with making false statements.

Lamond has pleaded not guilty and denies all of the charges in the Indictment.

### B.   Defendant's Proposal for Neutral Statement of the Case[1]

This is a criminal case.  Shane Brian Lamond is the defendant.  Mr. Lamond has been charged with three counts of false statements and one count of obstruction of justice.  Mr. Lamond is a retired Lieutenant with the District of Columbia Metropolitan Police Department ("MPD") and supervised the Intelligence Branch of MPD's Homeland Security Bureau.  The Proud Boys ("Proud Boys") is a far-right political group.  Members of the Proud Boys routinely attended political rallies, protests, and other legal events in the District of Columbia.  Enrique Tarrio was the national chairman of the Proud Boys which, because of its ideology, was of interest to law enforcement, including MPD.  Mr. Tarrio was one of many intelligence sources for Lt. Lamond.

On December 12, 2020, Mr. Tarrio and other members of the Proud Boys attended a rally in Washington, D.C. to protest the results of the 2020 Presidential Election.  Later in the evening, Mr. Tarrio participated in the theft and burning of a banner that read "#BLACKLIVESMATTER."  After the theft and burning was reported to law enforcement, MPD's criminal division initiated a public investigation.  On December 18, 2020, Mr. Tarrio publicly acknowledged on his verified social media account, and in an interview with the Washington Post, that he had in fact burned the flag.

---

[1] The Government objects to the Defendant's neutral statement of the case because it: (1) contains superfluous language; (2) is highly argumentative; and (3) makes unsupported assertions as if they are facts agreed upon by the parties.

It is alleged that, on or about January 4, 2021, following the issuance of an arrest warrant for Mr. Tarrio on December 30, 2020, in connection with the burning of the BLM banner, while Mr. Tarrio was on a flight from Miami, Florida to Arlington, Virginia, Mr. Lamond, using Telegram, sent Mr. Tarrio a notification that a non-extraditable misdemeanor warrant had been signed for his arrest in the District of Columbia and that he did so willfully and knowingly, with corrupt intent to obstruct and impede the due administration of justice. Mr. Lamond is charged with obstruction of justice.

MPD, knowing that Mr. Tarrio was an intelligence source for Lt. Lamond, enlisted Lt. Lamond to assist in identifying and tracking Mr. Tarrio's flight and providing intelligence to the arrest team, which he did. After arriving in Arlington, Virginia and driving into the District of Columbia, Mr. Tarrio was arrested on the warrant and subsequently pleaded guilty to one count of destruction of property in connection with the burning of the banner. Mr. Tarrio came into the District of Columbia directly from the airport and made no effort to avoid law enforcement, the District of Columbia, or to flee.

It is alleged that, during a subsequent interview with United States Attorneys' Office investigators, Mr. Lamond knowingly and willingly made materially false statements to them. These alleged knowingly and willingly made materially false statements charged by the grand jury are the specific subparts of the following exchanges:

1. Question: So when he would reach out, and ask questions, or when he would be engaging, would he be – would it be common for him to fish?

   Answer: No, not really. He never really asked me question about, like, you know, what we were doing or anything. It **was more, you know, one-sided with just him telling me, you know what their plans were**. Like, he would never tell me where

the group was staying, so, he wouldn't tell me where, you know, the other Proud

Boys – we knew in the beginning it was always (the same hotel).

2.  Question:  What were those conversations like? Were he prepping you for what

    was coming?

Answer:  That was part of it. The other part was I was trying to find out **without**

**tipping him off to the MPD investigation**. So we had some still photos, of him

being, as part of the rally, but we didn't have any, like confirmation that he was the

one to burn the banner. We knew that some of the Proud Boys were there

3.  Question:  So they made their determination?

Answer:  Yes, but I know that I **didn't, you know, inform him that he had an**

**arrest warrant** and I don't know, I mean, I don't think they contacted him to see

if he'd, like, turn himself in.

Lamond has pleaded not guilty and denies the charges.

**II.    <u>Estimate of the Number of Days of Trial</u>**

     The parties expect that the trial will last 7-8 days, not including jury selection, opening

statements and closing arguments.  The Government expects that its case-in-chief will take five

(5) days and, if necessary its rebuttal case will take one (1) day.  The Defendant expects that his

case will take two (2) days.

**III.    <u>List of Outstanding Motions *in Limine*</u>**

     The following motions are outstanding:

- Motion *in Limine* to Admit Summary Charts Pursuant to Federal Rule of
  Evidence 1006;

- United States' Motion to Admit Certain Evidence Pursuant to Federal Rules
  of Evidence 801(d)(2) and 807.

**IV.    <u>Proposed *Voir Dire* Questions</u>**

## A.    (DRAFT) Jointly Proposed

<u>Knowledge of the Parties</u>

1.  The Defendant is Shane Brian Lamond, a resident of the State of Virginia and was employed as a Police Officer by the District of Columbia Metropolitan Police Department.  Do you know him?

2.  The lawyers for the United States are Joshua Rothstein and Rebecca Ross.  Do you know either of them?

3.  The lawyers for Mr. Lamond are Mark Schamel and Ana Jara.  Do you know either of them?

4.   I am going to list several names of individuals who may testify in this proceeding.  Do you know any of them?

    i.  Elizabeth Hadley, Special Agent, FBI
    ii.  Sean Ricardi, Special Agent, U.S. Attorney's Office
    iii.  Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner, FBI
    iv.  Gary Ciapa, Agent, Internal Affairs, Metropolitan Police Department
    v.  Anthony Greene, Lieutenant, Metropolitan Police Department
    vi.  Nicole Copeland, Detective, Metropolitan Police Department
    vii.  Franklyn Then, Detective, Metropolitan Police Department
    viii.  Ashan Mufti, Detective, Metropolitan Police Department
    ix.  Carolyn Scheriff, Director, Metropolitan Police Department
    x.  Leslie Parsons, Commander, Metropolitan Police Department
    xi.  John Haines, Commander, Metropolitan Police Department
    xii.  Jeffrey Carroll, Assistant Chief, Metropolitan Police Department
    xiii.  Bryan Molnar, Special Agent in Charge, HHS-OIG
    xiv.  Jeremy Bertino
    xv.  Nicholas Quested
    xvi.  Frank "Ben" Tyler, Virginia State Police
    xvii.  Henry "Enrique" Tarrio
    xviii.  Mark Veranelli
    xix.  Chris Silva – Park Police
    xx.  Jay Nasworthy – Secret Service
    xxi.  John Donohue – Capitol Police
    xxii.  Julie Farnham – Capitol Police
    xxiii.  Nicole Miller, Special Agent, FBI
    xxiv.  David Crane, Intelligence Analyst, FBI
    xxv.  Catherine Bowles, Task Force Officer, FBI
    xxvi.  Paulina Murphy, Special Agent, FBI

xxvii.   Ryan Lamb, Special Agent Forensic Examiner, FBI
xxviii.   Jeremy Chedester, Task Force Officer, FBI
xxix.   Jamie Stranahan, Special Agent, FBI
xxx.   Diana Havlin, Performance and Data Analyst, Metropolitan Police Department
xxxi.   David Hong, Captain, Metropolitan Police Department
xxxii.   Geoffrey Guska, Special Agent, FBI
xxxiii.   Jonathan Branch, Commander, Metropolitan Police Department
xxxiv.   Paul Courtney, Major Crimes Superior Court Section, U.S. Attorney's Office
xxxv.   Carolyn Montagna, Director, Metropolitan Police Department
xxxvi.   Michael Reese, Investigator Violence Reduction Unit, Metropolitan Police Department
xxxvii.   Brian Carney, Lieutenant Commander, Anne Arundel County Police Department
xxxviii.   Nicholas Tomasula, Investigator, Metropolitan Police Department
xxxix.   Kathryn Camiliere, Special Agent, FBI
xl.   Daniel Godin, Commander of the Youth and Family Services, Metropolitan Police Department
xli.   Sean Gallagher, Acting Assistant Chief of Police for Uniformed Operations, Capitol Police
xlii.   Martin Moraitis, Former FBI Miami TFO
xliii.   Robert Joseph Hooker, Special Agent, FBI
xliv.   Hunter Locke, Special Agent, FBI
xlv.   Charlie Cox, Special Agent, TSA
xlvi.   David Carter, Detective, Metropolitan Police Department
xlvii.   Robert Pond
xlviii.   Dave Engel
xlix.   Kevin Riley
l.   Robert Glover
li.   Han Kim, Metropolitan Police Department
lii.   Peter Herman
liii.   Oliver Garvey
liv.   Alisa Brown
lv.   Daren DeMarco
lvi.   Paul Courtney
lvii.   Julianne Johnston

Experience with the Legal System and U.S. Government

2.   Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

3.   Have you, or any of your family, close friends, or household members, ever worked for

or with an office that handles prosecution?  By "prosecution," the question means government agencies such as the United States Attorney's Office, a district attorney's office, or an attorney general's office.

4.  Have you, or any of your family, close friends, or household members, ever worked for or with a law enforcement agency? By "law enforcement," this question means government agencies like the U.S. Park Police, Immigration and Customs Enforcement Agency (ICE), the Department of Homeland Security, the Department of Corrections, state and local police and fire departments; the Metropolitan Police Department; the Federal Bureau of Investigation, also known as the FBI; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the ATF; the Drug Enforcement Administration, also known as DEA; the Internal Revenue Service the U.S. Secret Service; the CIA; and probation and parole officers.

5.  Have you, or any of your family, close friends, or household members, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm?  This question also includes work as a private investigator.

6.  Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including D.C. Superior Court, or the U.S. District Court, including the Pretrial Services Agency, CSOSA, or U.S. Probation?

7.  Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above?

8.  Have you had any unpleasant experiences with the police or a prosecutor or other law enforcement, whether here in D.C. or elsewhere?  Or any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

9.  Do you have any beliefs or opinions about law enforcement officers that would affect your ability to fairly and impartially evaluate the credibility of a law enforcement officer, like any other witness, simply because he or she is a law enforcement officer?

10. Do you have any beliefs or opinions about the United States Attorney's Office, the U.S. Department of Justice, criminal defense attorneys, or the Federal Bureau of Investigation that would make it difficult for you to remain fair and impartial to both the government and the Defendant throughout the trial in this case?

<u>Prior Jury Service</u>

11. Has anyone ever served on a jury before?

12. Has any member served as a juror in a case where in which an agreement as to a verdict

was **not** reached?

13. Has anyone served as a foreperson for a jury?

<u>Ability to Serve and Deliberate</u>

14. Is there anything about your political beliefs or affiliations that would prevent you from following the law as I instruct you or reaching a verdict based solely on the evidence you receive during the trial?

15. Does anyone have personal beliefs about the criminal justice system that would impact their ability to render a verdict one way or the other, regardless of the evidence presented at trial and regardless of the law as I instruct you?

16. Do you have any difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case?

17. Are you taking any medication or do you have any physical condition that could make it difficult for you to sit as a juror and give your full attention to the trial and the evidence in this case?

18. Do you have any difficulty speaking, understanding, reading, or writing the English language?

19. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person in a criminal trial?

20. Is there anything about the charges being brought in this case that would cause you to be prejudice or biased for or against the Federal Government, for or against any witness, or for or against the Defendant?

21. Is there anything that comes to mind that could make you either consciously or subconsciously feel strongly for or against either party, or affect your ability to be fair and impartial in this case?

22. Are you familiar with the Black Lives Matter (BLM) movement?  Is there anyone that has an opinion about Black Lives Matter (BLM) that would make it difficult for you to remain fair and impartial?

23. Are you familiar with the Proud Boys or Enrique Tarrio, the former leader of the Proud Boys?  Is there anyone that has an opinion about Proud Boys or Enrique Tarrio that would make it difficult for you to remain fair and impartial?

24. Have you had any dealings with the United States Government in which you feel the government did not give you fair treatment?

25. Are there any among you who have any claim against the United States pending at this time?

26. Do each of you understand that in federal court jurors determine whether a defendant is guilty or not guilty from the evidence, and the punishment provided for the offense charged in the indictment is a matter for the Court and should not be considered by the jury in any way in arriving at your verdict?  Will that affect your ability to sit as a juror?

27. During this trial, you my hear testimony from witnesses who have pled guilty pursuant to a court-approved plea agreement with the government under which the witness has agreed to cooperate with the government in the hope that he or she will receive a more lenient sentence in return for truthful cooperation.  Plea agreements such as these are lawful and permitted, and I will later instruct you on how to consider such testimony. Is there anything about these circumstances that will make it difficult for you to evaluate such testimony fairly and impartially in accordance with my instructions?

**B. Additional Voir Dire - Proposed by the Defendant to Which the Government Objects**

1. Do you belong to any groups that have taken positions with regard to law enforcement, such as Black Lives Matter?

2. Does anyone have a problem with the presumption of innocence?

3. Do each of you understand that Shane Lamond is innocent of all charges, unless and until the government can prove every element of each charge beyond a reasonable doubt?

4. Do each of you accept that Mr. Lamond has no burden or obligation, he needs not prove his innocence, but rather the government must prove its allegations beyond a reasonable doubt or you must, as a matter of law, find Mr. Lamond not guilty?

## III.   PROPOSED JURY INSTRUCTIONS

The parties hereby propose the following jury instructions, subject to issues that arise during trial.  Proposed instructions that do not come from the Standardized Criminal Jury Instructions for the District of Columbia ("Redbook") are identified in the list below in bold, with the proposed language following.

**A. Joint Agreement as to the Instructions Below:**

**PRELIMINARY INSTRUCTIONS**

1. Preliminary Instructions Before Trial, Criminal Jury Instructions for the District of Columbia § 1.102

2. Notetaking by Jurors, Criminal Jury Instructions for the District of Columbia § 1.105

3.  Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed § 1.107

4.  A Juror's Recognition of a Witness or Other Party Connected to the Case § 1.108

**ANTICIPATED INSTRUCTIONS DURING TRIAL**

5.  Cautionary Instruction on the Use of the Internet, Criminal Jury Instructions for the District of Columbia § 1.202

    o   Defendant requests the bracketed language also be given.

6.  A Stipulation of Fact § 1.103

**FINAL JURY INSTRUCTIONS**

**PART ONE**

7.  Furnishing the Jury with a Copy of the Instructions, Criminal Jury Instructions for the District of Columbia § 2.100

8.  Function of the Court, Criminal Jury Instructions for the District of Columbia § 2.101

9.  Function of the Jury, Criminal Jury Instructions for the District of Columbia § 2.102

10. Jury's Recollection Controls, Criminal Jury Instructions for the District of Columbia § 2.103

11. Evidence in the Case, Criminal Jury Instructions for the District of Columbia § 2.104

12. Statements of Counsel, Criminal Jury Instructions for the District of Columbia § 2.105

13. Indictment Not Evidence, Criminal Jury Instructions for the District of Columbia § 2.106

14. Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107

15. Reasonable Doubt, Criminal Jury Instructions for the District of Columbia § 2.108

16. Direct and Circumstantial Evidence, Criminal Jury Instructions for the District of Columbia § 2.109

17. Number of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.111

18. Inadmissible and Stricken Evidence, Criminal Jury Instructions for the District of Columbia § 2.112 (if applicable)

19. Credibility of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.200

20. Witness with a Plea Agreement Criminal Jury Instructions for the District of Columbia § 2.203

21. Testimony of Immunized Witness, Criminal Jury Instructions for District of Columbia § 2.204 (if applicable)

22. Police Officer's Testimony, Criminal Jury Instructions for the District of Columbia § 2.207

23. Right of Defendant Not to Testify, Criminal Jury Instructions for the District of Columbia § 2.208 (if applicable)

24. Defendant as Witness, Criminal Jury Instructions for the District of Columbia § 2.209 (if applicable)

25. False or Inconsistent Statement by Defendant, Criminal Jury Instructions for the District of Columbia § 2.210 (if applicable)

26. Effect of Refusal of Witness to Answer Question, Criminal Jury Instructions for the District of Columbia § 2.211 (if applicable)

27. Invocation of Fifth Amendment Privilege Against Self-Incrimination, Criminal Jury Instructions for the District of Columbia § 2.212 (if applicable)

28. Character of the Defendant, Criminal Jury Instructions for the District of Columbia § 2.213 (if applicable)

29. Cross-Examination of Character Witness, Criminal Jury Instructions for the District of Columbia § 2.214 (if applicable)

30. Evaluation of Prior Inconsistent Statement, Criminal Jury Instructions for the District of Columbia § 2.216 (if applicable)

31. Evaluation of Prior Consistent Statement, Criminal Jury Instructions for the District of Columbia § 2.217 (if applicable)

32. Nature of Charges Not to be Considered, Criminal Jury Instructions for the District of Columbia § 2.110

33. Motive, Criminal Jury Instructions for the District of Columbia § 2.307

34. Transcripts of Tape Recordings, Criminal Jury Instruction for the District of Columbia § 2.310

**PART TWO**

35. Unanimity – General, Criminal Jury Instructions for the District of Columbia § 2.405

36. Verdict Form Explanation, Criminal Jury Instructions for the District of Columbia § 2.407

37. Multiple Counts—One Defendant, Criminal Jury Instructions for the District of Columbia § 2.402

38. Redacted Exhibits, Criminal Jury Instructions for the District of Columbia § 2.500 (if applicable)

39. Exhibits During Deliberations, Criminal Jury Instructions for the District of Columbia § 2.501

40. Selection of Foreperson, Criminal Jury Instructions for the District of Columbia § 2.502

41. Possible Punishment Not Relevant, Criminal Jury Instructions for the District of Columbia § 2.505

42. Cautionary Instruction on Publicity, Communication, and Research, Criminal Jury Instructions for the District of Columbia § 2.508

43. Communication Between Court and Jury During Jury's Deliberations, Criminal Jury Instructions for the District of Columbia § 2.509

44. Attitude and Conduct of Jurors in Deliberations, Criminal Jury Instructions for the District of Columbia § 2.510

45. Excusing Alternate Jurors, Criminal Jury Instructions for the District of Columbia § 2.511

46. "On or About," Criminal Jury Instructions for the District of Columbia § 3.103

47. Proof of State of Mind, Criminal Jury Instructions for the District of Columbia § 3.101

48. Obstruction of Justice, D.C. Code § 22-722, Criminal Jury Instructions for the District of Columbia § 6.101(F)

49. **False Statement, 18 U.S.C. § 1001(a)(2)**

**FALSE STATEMENT** [2]

**GOVERNMENT'S PROPOSED INSTRUCTION**[3]

**ELEMENTS**

Counts Two, Three, and Four of the Indictment charges the Defendant with the offense of false statement.  It is a crime for anyone to make a false statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government.  Here it is alleged that the Defendant committed this offense when he represented to law enforcement officers that (1) his relationship with Tarrio "was more, you know, one-sided with just him telling me, you know what their plans where," when the Defendant knew that since at least July 2020, he had regularly provided Tarrio with confidential information about law enforcement activity; (2) that he had tried to find out information from Tarrio about Tarrio's involvement in the December 12, 2020, destruction of the BLM Banner "without tipping him off to the MPD investigation," when the Defendant knew that he had provided regular updates and information to Tarrio about the BLM Banner Burning Investigation; and (3) that the Defendant "didn't, you know, inform him that [Tarrio] had an arrest warrant" for Tarrio's participation in the December 12, 2020, destruction of the BLM Banner, when, in fact, as the Defendant knew, the Defendant had informed Tarrio that an arrest warrant had been issued for Tarrio.[4]

---

[2] The parties noted their objections by underlining the text they oppose and providing the basis of the objection in a footnote.

[3]  2A Fed. Jury Prac. & Instr. § 40:07 (6th ed.); *United States v. Moore*, 612 F.3d 698, 700 (D.C. Cir. 2010) ("To prove [defendant] made a statement in violation of 18 U.S.C. § 1001(a)(2), the Government must show he (1) 'knowingly and willfully' (2) '[made] any materially false, fictitious, or fraudulent statement or representation' (3) in a 'matter within the jurisdiction of the executive… branch of the Government of the United States.'").

[4]  Defendant objects to this part of the instruction as misleading because the "context" as the government later describes it in its objections is also missing here. For example, the question asked of Mr. Lamond with respect to Count Two was nothing about what "his relationship with Mr.

<u>The elements of false statement are</u>[5]:

*First*, the Defendant knowingly made at least one materially false, fictitious, or fraudulent statement or representation;

*Second*, in so doing, the Defendant acted willfully, knowing the statement was false;

*Third*, that the materially false, fictitious, and fraudulent statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

A false statement is made "knowingly" if the Defendant knew that it was false. A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed.[6] A statement is "false" if it was untrue when made.

---

Tarrio was like." The question was very clear, in what it asked and it speaks for itself. The government does not get to opine on what a clear question and answer means. The same is true of the statements with respect to the other counts for false statements.

[5] Defendant objects to this part of the instruction because it does not describe the government's burden in proving each of the elements for each of the counts, as described in the Modern Federal Jury Instructions for False Statements and in a case the government recently agreed to joint proposed instructions with similar language. *See generally* 2 Modern Federal Jury Instructions Criminal P § 36 (2023); *see also* Jointly Proposed Final Jury Instructions, *United States of America v. David T. Johnson*, No: 16-139(KBJ), 2017 WL 1362532 (Jury Instruction) (D.D.C. 2017).

[6] *United States v. Stadd*, 636 F.3d 630, 638 (D.C. Cir. 2011) (rejecting argument that statement must "influence a determination required to be made.").

The government does not need to prove that the Defendant had a purpose to mislead the federal agency,[7] or that the agency was, in fact, deceived or misled.[8] It is not relevant whether the statement influenced the actions of the agency.[9]

The Federal Bureau of Investigation is part of the executive branch of the Government of the United States.

## DEFENDANT'S PROPOSED INSTRUCTION
## ELEMENTS[10]

Counts Two, Three, and Four of the Indictment charge the Defendant with the offense of false statement.  It is a crime for anyone with a corrupt purpose[11] to knowingly make a materially false statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government.  Here, it is alleged that the Defendant committed this offense when he stated to law enforcement officers (1) "was more, you know, one-sided with just telling him, you know what their plans were" for Count Two; (2) "without tipping him off to the MPD investigation" for Count Three; and (3) "didn't, you know, inform him that [Tarrio] had an arrest warrant" for Count

---

[7] The government is not required to prove that the Defendant had a purpose to mislead a federal agency. *United States v. Yermian*, 468 U.S. 63, 68–75 (1984).

[8] *Moore*, 612 F.3d at 701 ("a statement need not actually influence an agency in order to be material"); *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014).

[9] *Moore*, 612 F.3d at 702 ("proof of actual reliance on the statement is not required").

[10] Adapted from 2 Modern Federal Jury Instructions Criminal P § 36.01, *et seq.* (2023); *see also* Jointly Proposed Final Jury Instructions, *United States of America v. David T. Johnson*, No: 16-139(KBJ), 2017 WL 1362532 (Jury Instruction) (D.D.C. 2017).

[11] The Government objects to the inclusion of "with a corrupt purpose" as there is no legal support for its inclusion.

Four.[12]  <u>For you to find the defendant guilty of the crimes charged in Counts Two, Three, and Four, you must unanimously find that, for each Count, the government has proved each and every one of the following elements beyond a reasonable doubt:</u>[13]

*First*, the Defendant knowingly made the charged statement, and it was materially false, fictitious, or fraudulent statement or representation;

*Second*, <u>that in making the materially false, fictitious, and fraudulent statement</u>[14], the Defendant acted willfully, knowing the statement was false;

*Third*, that the materially false, fictitious, and fraudulent statement was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

 A false statement is made "knowingly" if the Defendant knew that it was false.  A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision-maker to whom it was addressed.[15]  A statement is "false" if it was untrue when made <u>and was known to be untrue when it was made.</u>[16]

---

[12] The Government objects to the deletion of the context for each statement as charged in the Indictment.

[13] The Government objects because the language is superfluous and covered by other instructions.

[14] The Government objects because it is duplicative of the language included above.

[15] *United States v. Stadd*, 636 F.3d 630, 638 (D.C. Cir. 2011) (rejecting argument that statement must "influence a determination required to be made.").

[16] The Government objects because this statement is duplicative of the first sentence of the paragraph.

The government does not need to prove that the Defendant had a purpose to mislead the federal agency,[17] or that the agency was, in fact, deceived or misled.[18] It is not relevant whether the statement influenced the actions of the agency.[19]

The Federal Bureau of Investigation is part of the executive branch of the Government of the United States.

### PART THREE

50. Defendant's Theory of the Case § 9.100

### IV.  WITNESS LISTS

#### A. Government's Witness List

1.  Elizabeth Hadley, Special Agent, FBI

2.  Sean Ricardi, Special Agent, U.S. Attorney's Office

3.  Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner, FBI

4.  Gary Ciapa, Agent, Internal Affairs, Metropolitan Police Department

5.  Anthony Greene, Lieutenant, Metropolitan Police Department

6.  Nicole Copeland, Detective, Metropolitan Police Department

7.  Franklyn Then, Detective, Metropolitan Police Department

8.  Ashan Mufti, Detective, Metropolitan Police Department

9.  Carolyn Scheriff, Director, Metropolitan Police Department

10.  Leslie Parsons, Commander, Metropolitan Police Department

11.  John Haines, Commander, Metropolitan Police Department

---

[17] The government is not required to prove that the Defendant had a purpose to mislead a federal agency. *United States v. Yermian*, 468 U.S. 63, 68–75 (1984).

[18] *Moore*, 612 F.3d at 701 ("a statement need not actually influence an agency in order to be material"); *United States v. Verrusio*, 762 F.3d 1, 20 (D.C. Cir. 2014).

[19] *Moore*, 612 F.3d at 702 ("proof of actual reliance on the statement is not required").

12. Jeffrey Carroll, Assistant Chief, Metropolitan Police Department

13. Jeremy Bertino

14. Nicholas Quested

## B. Defendant's Witness List[20]

Defendant has no statutory obligation to reveal what witnesses he intends to call before trial given the government's burden.  Defendant reserves his right to call a witness not listed below.  However, preserving his rights and noting his objections, the following may be called as witnesses to testify at trial:

1. Frank "Ben" Tyler

2. Enrique Tarrio

3. Mark Veranelli

4. Chris Silva – Park Police

5. Jay Nasworthy – Secret Service

6. John Donohue – Capitol Police

7. Julie Farnham – Capitol Police

8. Jennifer Kathryn "Kate" Cain, Digital Forensic Examiner, FBI

9. Bryan Molnar, Special Agent in Charge, HHS-OIG

10. Henry "Enrique" Tarrio

11. Mark Veranelli

12. Chris Silva – Park Police

13. Jay Nasworthy – Secret Service

---

[20] It is the Government's position that Defendant's representation that his case will take two days and his notice of 50 defense witnesses is inconsistent.  The Government requests that the Court order that: (1) both parties must provide 24-hour notification of the next day's witnesses; (2) that the Defendant be required to provide a prioritized witness list; and (3) that, with respect to certain witnesses, the Defendant be required to provide a proffer to the Court of the relevant testimony that the Defense seeks to elicit.

14. John Donohue – Capitol Police

15. Julie Farnham – Capitol Police

16. Nicole Miller, Special Agent, FBI

17. David Crane, Intelligence Analyst, FBI

18. Catherine Bowles, Task Force Officer, FBI

19. Paulina Murphy, Special Agent, FBI

20. Ryan Lamb, Special Agent Forensic Examiner, FBI

21. Jeremy Chedester, Task Force Officer, FBI

22. Jamie Stranahan, Special Agent, FBI

23. Diana Havlin, Performance and Data Analyst, Metropolitan Police Department

24. David Hong, Captain, Metropolitan Police Department

25. Geoffrey Guska, Special Agent, FBI

26. Jonathan Branch, Commander, Metropolitan Police Department

27. Paul Courtney, Major Crimes Superior Court Section, U.S. Attorney's Office

28. Carolyn Montagna, Director, Metropolitan Police Department

29. Michael Reese, Investigator Violence Reduction Unit, Metropolitan Police Department

30. Brian Carney, Lieutenant Commander, Anne Arundel County Police Department

31. Nicholas Tomasula, Investigator, Metropolitan Police Department

32. Kathryn Camiliere, Special Agent, FBI

33. Daniel Godin, Commander of the Youth and Family Services, Metropolitan Police Department

34. Sean Gallagher, Acting Assistant Chief of Police for Uniformed Operations, Capitol Police

35. Martin Moraitis, Former FBI Miami TFO

36. Robert Joseph Hooker, Special Agent, FBI

37. Hunter Locke, Special Agent, FBI

38. Charlie Cox, Special Agent, TSA

39. David Carter, Detective, Metropolitan Police Department

40. Robert Pond

41. Dave Engel

42. Kevin Riley

43. Robert Glover

44. Han Kim, Metropolitan Police Department

45. Peter Herman

46. Oliver Garvey

47. Alisa Brown

48. Daren DeMarco

49. Paul Courtney

50. Julianne Johnston

51. Any witness listed by the government called in its case in chief or listed on its witness list

52. Any witness necessary for impeachment purposes or to rebut evidence presented by the government.

## IV.   <u>EXHIBIT LISTS</u>

The Government's Exhibit List is attached as Exhibit 1, and includes the Defendant's objections.  The Government respectfully reserves the right to add exhibits – using materials that have been produced previously during discovery – depending on other matters that may arise, such as cross-examination of a witness and evidence presented during trial.  The Government also respectfully reserves the right to prepare a limited number of demonstrative exhibits to aid witness testimony, based solely on the information that has already been provided through discovery.  In

the event a party prepares a demonstrative exhibit, it will share it expeditiously with the Court and parties and update its exhibit list accordingly.  Finally, the Government also respectfully reserves the right to review and potentially object to forthcoming exhibit lists.

It is Defendant's position that he has no statutory obligation to reveal what exhibits he intends to use before trial given the government's burden.  Defendant reserves his right to use an exhibit not identified for purposes of impeachment or in his case in chief.

It is the Government's position that Defendant's failure to provide an exhibit list is a violation of the Court's pretrial order.

### V.   <u>PROPOSED VERDICT FORM</u>

The Government's proposed verdict form is attached as Exhibit 2 and the Defendant's proposed verdict form is attached as Exhibit 3.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Joshua S. Rothstein*
Joshua S. Rothstein
N.Y. Bar Number 4453759
Rebecca G. Ross
N.Y. Bar Number 5590666
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20539
Office: 202-252-7164 (JSR), 202-252-6937 (RR)
Joshua.Rothstein@usdoj.gov
Rebecca.Ross2@usdoj.gov

VENABLE LLP

*/s/ Mark E. Schamel*
Mark E. Schamel
Bar No. 463965
600 Massachusetts Avenue, NW

Washington, DC 20001
Ph: 202-344-4631
MESchamel@Venable.com