UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 23-cr-177-ABJ |
| SHANE BRIAN LAMOND, | |
| Defendant. | |

**NOTICE OF OBJECTION**

On January 22, 2024, the Defendant noticed his objections to Government Exhibit 4006, which is a summary exhibit of communications relevant to the relationship between the Defendant and Enrique Tarrio ("Tarrio") and relevant to the Black Lives Matter Banner Burning Investigation. ECF No. 48-1 at 6. The Defendant objected to Government Exhibit 4006 pursuant to Federal Rule of Evidence 106 and argued that the exhibit is incomplete because it omitted emails and communications between the Defendant and other law enforcement officers related to the Proud Boys and Enrique Tarrio. *Id.* Following the pretrial conference, in accordance with this Court's order, the Defendant has noticed 36 chat messages between the Defendant and Ben Tyler, an officer with the Virginia State Police. ECF No. 52. The government does not object to adding eight of the noticed chats, attached as Exhibit 1. The remaining messages are irrelevant and the Defendant's objections pursuant to Rule 106 lack merit.

As the government noted at the pretrial conference on January 31, 2024, Government Exhibit 4006 is intended to show the Defendant's ongoing relationship with Tarrio and communications regarding the Black Lives Matter Banner Burning Investigation. It is not intended to show every communication the Defendant had with various law enforcement officers, especially not his immaterial banter with other officers regarding unrelated criminal activity. Under Rule

106, to avoid a misunderstanding or distortion, the adverse party "may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Except for eight of the noticed communications with Tyler, *see* Ex. 1, all the other communications are irrelevant to the Defendant's relationship with Tarrio and the Banner Burning Investigation and are unrelated to elements of the offenses for which the jury must make a factual determination. *See e.g.* ECF No. 52-1 at 7-8 (discussing "this postal crap" and referencing someone named "Jasmine"); 10-13 (communications seemingly referencing activity in advance of the January 6, 2021, attack on the Capitol). These communications are not even relevant, let alone necessary to avoid misleading the jury. *See* Fed. R. Evid. 106.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/ Rebecca G. Ross*
Rebecca G. Ross
N.Y. Bar Number 5590666
Joshua S. Rothstein
N.Y. Bar Number 4453759
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 2053
Office: 202-252-7164 (JSR), 202-252-6937 (RGR)
Rebecca.Ross2@usdoj.gov
Joshua.Rothstein@usdoj.gov

## CERTIFICATE OF SERVICE

Rebecca G. Ross, attorney for the United States, hereby certifies that a true and correct copy of the motion has been electronically filed and accordingly served upon attorney for the defendant.

/s/ Rebecca G. Ross
Rebecca G. Ross