UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.   ) <br> ) <br> SHANE LAMOND,  ) <br> ) <br> Defendant.  ) <br> ) | Crim. Action No. 23-0177 (ABJ) |

## ORDER

At the end of the January 31, 2024 Pretrial Conference, the Court took the objections to exhibits and the government's second motion in limine concerning summary charts [Dkt. # 39] (the objections to which were embodied in the defendant's objections to the exhibit list) under advisement. With respect to exhibits, the Court now rules as follows: Government Exhibits 1001, 1002, 1003, 1004, 1005, 1006, 1006A, 1006C, 1006D, 1007, 1007A, 1007B, 1007C, 1008, 1008A, 1009, 1010, 1011, 1013, 1015, 1016, 1016A, 1016B, 1016C, 1016D, 1016E, 1016F, 2001, 2002, 2003, 2004, 2005, 2006, 4001, 4003, 4004, 4005, 4007, 4008, 4008, 4010, 4011, 4012, 4013, 4014, 4015, 4016, 4017, 4018, 4019, 4020, 4021, 4022, 4023, 4024, 4025, 4026, 4027, 4028, 4029, 4030, 4031, 4032, 5001, 5002, 5003, 5004, 5005, and 5006 are hereby **ADMITTED** in the absence of any objection by the defendant.

Government Exhibit ("GEX") 1006B will be **ADMITTED**, and defendant's request that defendant's Exhibit ("DEX") 1 and 2 must also be introduced for completeness pursuant to Fed. R. Evid. 106 will be **DENIED**. However, DEX 1 and 2 are **ADMITTED** as defense exhibits without objection.

GEX 1008B will be **ADMITTED** with the proviso that DEX 4 must be admitted for completeness purposes pursuant to Fed. R. Evid. 106. Defendant's request that DEX 3 must also be introduced for completeness will be **DENIED**. However, DEX 3 and 4 are **ADMITTED** as defense exhibits without objection.

The emails identified as GEX 1012 and 1014 are **ADMITTED** with the proviso that the links embedded in the emails must be included as a part of each exhibit.

GEX 3001, 3004, 3006, 3008 and 3009 have been withdrawn. The government must inform the Court whether it is still seeking to introduce GEX 3007, 3010, 3011, and 3012, and provide any additional support for their admission, by **Monday, March 18, 2024.**

GEX 3002, 3003, and 3005 will be **ADMITTED** with a limiting instruction; the Court finds them to be relevant under Fed. R. Evid 401 and 402 as they bear on the defendant's intent for purposes of Count 1 and willfulness for Counts 2-4, and that, with a limiting instruction, the probative value is not outweighed by any danger of undue prejudice or confusion. The parties must propose the limiting instruction by **Monday, March 18, 2024**, and if they cannot agree, they may submit separate proposals.

GEX 4006, which the government has described as "a summary exhibit of communications relevant to the relationship between the defendant and Enrique Tarrio and relevant to the Black Lives Matter Banner Burning Investigation," *see* Notice of Objection [Dkt. # 54], is **ADMITTED**, with the proviso that DEX 6 must be included for completeness purposes pursuant to Fed. R. Evid. 106. Defendant's requests that DEX 5 (in its entirety), 7, and 8 must also be introduced for completeness will be **DENIED**. DEX 7 is **ADMITTED** as a defense exhibit, but DEX 8 is **EXCLUDED** as irrelevant.

On February 1, 2024, defendant identified 36 messages contained within DEX 5 – all exchanged with Ben Tyler, an officer with the Virginia State Police – which he contended must be introduced along with GEX 4006 for completeness purposes [Dkt. # 52]. The defendant provided an exhibit [Dkt. # 52-1] which included the messages, but it identified the entire set of messages as DEX 9.  The government objected to some messages but not others, and since the material was not provided in a format that would facilitate the issuance of a clear ruling, the defendant was ordered to file a revised version of the exhibit to the notice [Dkt. # 52-1], separating each complete exchange he was seeking to introduce (or stand-alone message, if any) and assigning it its own exhibit number.  The defendant did so on February 7, proffering three exhibits [Dkt. # 56], numbered DEX 9A, 9B, and 9C.  The Government responded [Dkt. # 57] on February 8, and it does not object to adding DEX 9C to its Master Summary Chart, Government Exhibit 4006.  Therefore, the request to include DEX 9C for completeness is **GRANTED**.  However, the Court does not find that DEX 9A or 9B "ought to be considered at the same time" as GEX 4006, and it will **DENY** defendant's request that they be included in the government's exhibit for completeness. Moreover, the Court finds them to be irrelevant; defendant's transmission of his opinion in DEX 9A about whether MPD will be seeking assistance from other jurisdictions on January 6 does not make any fact of consequence to the action more or less probable, and Tyler's musings about Tarrio's arrest and the Twitter post he forwards to the defendant in DEX 9B do not bear on any issue in the case.  It does not appear to the Court that defendant's January 4 message in DEX 9A informing Tyler of Tarrio's impending arrival and arrest has any relevance to this case either, and it will be **EXCLUDED** with the rest of DEX 9A and 9B, but the Court will revisit that one message if the defense explains its relevance at the status conference to be held on September 24, 2024.

**SO ORDERED.**

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: March 4, 2024