IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 1:23-cr-00177-ABJ |
| ) | |
| SHANE LAMOND, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF FILING IN RESPONSE TO OCTOBER 1, 2024 MINUTE ORDER**

In accordance with the Court's October 1, 2024 Minute Order, Shane Lamond ("Mr. Lamond"), via counsel, respectfully requests that the Court keep his Motion to Seal (Dkt. 73), Motion to Continue (Dkt. 73-1), Proposed Order (Dkt. 73-2), government's Opposition to the Motion to Continue, and the transcript for the September 30, 2024 hearing under seal for the following reasons:

The "important functions" that access to records serves, namely "ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally" aren't met by unsealing these records because neither the integrity of the proceedings (i.e., the conduct of the criminal trial) nor the law enforcement process (i.e., the evidence of guilt or innocence) are at issue in any of the pleadings. *See U.S. v. Hubbard*, 650 F.2d 293, 317-322 (D.C. Cir. 1980); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (explaining importance of press access to attend criminal trials as implicit in the guarantees of the First Amendment).

*Hubbard* has some helpful analysis. There, the D.C. Circuit stayed the unsealing orders, vacated the orders denying the press to intervene and temporary injunctive relief, and remanded to the district court for further analysis on sealing. *Hubbard*, 650 F.2d at 296. Specifically, the

sealing related to documents seized during searches of churches that were introduced during a pretrial suppression hearing on the lawfulness of the search. *Id.* The Court analyzed six factors: (1) the need for public access to the documents; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to the disclosure, and the identity of the person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced. *Id.* at 317-322. The court found that unsealing did not serve any public's right to access the courts; the documents were not previously available to the public; the church and defendant objected to the unsealing; and the documents had little to do with the underlying criminal allegations. *Id.* at 317-324. The Court also noted that the documents were seized from someone who was not a party to the proceeding. *Id.* at 319.

Tellingly, the court explained, that "[i]t must be remembered that the documents here were not determined by the trial judge to be relevant to the crimes charged; they were not used in the subsequent 'trial'; nor were they described or even expressly relied upon by the trial judge in his decision on the suppression motion." *Id.* at 321; *see also Matter of Public Defender Service for District of Columbia to Unseal Certain Records*, 607 F. Supp. 3d 11, 29 (D.C. 2022) (finding that, after criminal trial was done, records at issue could be unsealed because they were used solely to establish the history of misconduct of a government lab employee and to render certain drug testing in the criminal case unreliable, issues for which the public at large would want to know about); *accord Gilliard v. McWilliams*, Civil Action No.: 16-2007 (RC), 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) (quoting *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 69 (D.D.C. 2010)) ("There is a 'less pressing concern to unseal pleadings if they are not relevant to the claims,' . . . such as if the documents were not described

or expressly relied on in the trial judge's decision or if the documents were not used in subsequent proceedings.").

Here, all six *Hubbard* factors are met. First, unsealing does not serve any public right to access the courts, i.e., the records don't relate to the integrity of the proceedings or the law enforcement investigation. Instead, the records (a motion to seal[1], a motion to continue, opposition, and part of the court hearing related to the motion to continue) relate to the timing of the trial, now December 2, 2024, and the availability of a witness, Enrique Tarrio ("Mr. Tarrio"). That is what the public needs to know.[2] Second, the documents have not been previously made available to the public. Third, Mr. Lamond objects to the disclosure of the records because they don't relate to the substance of the underlying criminal case or the evidence of his guilt or innocence, and instead relate to a witness and his availability (the disclosure of which could be prejudicial to Mr. Lamond considering the press's attention, judging by the three reporters waiting outside of the courtroom on September 30, 2024 for this matter, for the fifth factor). Fourth, there are some privacy interests of a non-party witness at issue here. And, finally, the pleadings relate solely to scheduling and the unavailability of a witness. The pleadings are not relevant to the crimes charged; they are not going to be used in any subsequent trial; and

---

[1] The Motion to Seal references certain safety concerns for Mr. Tarrio highlighted by the government in an earlier pleading. Undersigned counsel has no reason to believe that those safety concerns have dissipated, so the potential safety and wellbeing of a non-party witness also weighs in favor of not unsealing. *See In re Nat. Broadcasting Co., Inc.*, 653 F.2d 609, 619 (D.C. Cir. 1981) (examining possible injury to non-parties and ordering district court to ask for objections from impacted non-parties and if meritorious to remove any offending remarks or order identity of non-parties to be redacted or deleted from certain tapes).

[2] The Court may want to consider the impact of unsealing on the witness before making its decision. *See Fed. Trade Comm'n v. Match Grp., Inc.*, No. 1:22-MC-54 (RJL/GMH), 2023 WL 3181351, at *14 (D.D.C. May 1, 2023) (noting third factor in sealing analysis "focuses on the privacy interests of third parties, 'provid[ing] broader protection from disclosure "where a third party's property and privacy rights are at issue [and] the need for minimizing intrusion is especially great."'"). Since the request for sealing relates mainly to Mr. Tarrio's privacy rights and Mr. Tarrio is a non-party witness in this litigation, there may be a broader protection from disclosure here.

seemingly, based on the Court's ruling, some if not all of the Court's decision is based on what Mr. Tarrio's counsel told the Court in an ex parte hearing.

Accordingly, Mr. Lamond respectfully requests that the court use its discretion to keep the specific pleadings listed in this Notice sealed until, at least, the criminal trial has concluded based on the facts and circumstances of this particular case. *See Hubbard*, 650 F.2d at 316-317 (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision to as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.")).

Date: October 4, 2024    Respectfully submitted,

  /s/ Mark E. Schamel
Mark E. Schamel (Bar No. 463965)
Ana L. Jara (Bar No. 1023086)
Venable LLP
600 Massachusetts Ave NW
Washington, DC 20001
Tel: (202) 344-4631
Fax: (202) 344-8300
Email: meschamel@venable.com
      aljara@venable.com

*Counsel for Defendant Shane Lamond*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2024, I caused a copy of the foregoing, along with the accompanying attachment, to be sent via the Court's CM/ECF system to all counsel of record.

       /s/ Mark E. Schamel
      Mark E. Schamel