UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Crim. Action No. 23-0177 (ABJ) |
| SHANE LAMOND, | ) |
| Defendant. | ) |

## ELEMENTS OF THE OFFENSES

**COUNT ONE: OBSTRUCTION OF JUSTICE**

Count One charges the defendant with obstruction of justice in violation of D.C. Code §22-722.

The elements of the offense of obstructing justice, each of which the government must prove beyond a reasonable doubt, are that:

1. On or about December 13, 2020, through on or about January 4, 2020, defendant Lamond corruptly obstructed or impeded, or endeavored to obstruct or impede, the due administration of justice in an official proceeding in Washington, DC, that is, the investigation or prosecution of a charge of destruction of property arising from the December 12, 2020 burning of a banner that read "#BLACK LIVES MATTER," conducted by an agency of the District of Columbia government, that is, the Metropolitan Police Department.

2. Defendant Lamond did so with the intent to undermine the integrity of the investigation or prosecution.

The term "corruptly" means that the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must act with "consciousness of wrongdoing," which means with an understanding or awareness that what the person is doing is wrong or unlawful.

The government need not prove that the defendant successfully obstructed or impeded the due administration of justice.

**COUNTS TWO THROUGH FOUR: FALSE STATEMENT**

Counts Two, Three, and Four each charge the defendant with the offense of making a false statement in violation of 18 U.S.C. §1001(a)(2). It is a crime to knowingly and willfully make a materially false statement in a matter within the jurisdiction of the executive, legislative, or judicial branch of the government.

Specifically, Count Two alleges that the defendant committed this offense on June 2, 2021, when he stated in an interview conducted by federal law enforcement officers that his relationship with Enrique Tarrio "was more, you know, one-sided with just him telling me, you know, what their plans were."

Count Three alleges that the defendant committed this offense on June 2, 2021, when he stated in an interview conducted by federal law enforcement officers that he spoke to Tarrio "without tipping him off to the MPD investigation."

Count Four alleges that the defendant committed this offense on June 2, 2021, when he stated in an interview conducted by federal law enforcement officers that he "didn't, you know, inform [Tarrio] that [Tarrio] had an arrest warrant."

The elements of making a false statement, each of which the government must prove beyond a reasonable doubt to each count, are as follows:

1. That the defendant made a materially false statement or representation.

2. That in doing so, the defendant acted knowingly and willfully.

3. That the materially false statement or representation was made in a matter within the jurisdiction of the executive branch of the Government of the United States.

With respect to the first element, a statement is "false" if it was untrue when made, and known at the time to be untrue by the person making it.

A statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decision maker to whom it was addressed.

With respect to the second element, an act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally. A false statement was made "knowingly" if the defendant knew that it was false.

A person acted "willfully" if he acted with the knowledge that his conduct was unlawful.

Finally, with respect to the third element, you are instructed that the Office of the U.S. Attorney for the District of Columbia, within the U.S. Department of Justice, is a part of the executive branch of the Government of the United States.

The government does not need to prove that the defendant had a purpose to mislead the federal agency or that it was, in fact, deceived or misled. It is not relevant whether the statements actually influenced the actions of the agency.

**In connection with these elements, the Court will also be guided by the jointly proposed Standard Jury Instructions: Multiple Counts, §2.402; "On or About," §3.103; and Proof of State of Mind, §3.101, in addition to all of the standard proposed instructions concerning the burden of proof, reasonable doubt, the consideration of various types of evidence and witness testimony, etc.** *See* **Dkt. 41.**