IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) ) | Criminal No.: 1:23-cr-00177-ABJ |
| SHANE LAMOND, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT SHANE LAMOND'S MOTION FOR JUDGMEMT OF ACQUITTAL**

Per the Court's request for supplemental briefing, Defendant Shane Lamond ("Mr. Lamond"), through counsel, respectfully submits this memorandum in support of his motion for judgement of acquittal under Fed. R. Crim. Pro. 29(a). In short, the government has not proven – and cannot prove as a matter of law– Mr. Lamond guilty of obstructing "an official proceeding" in the due administration of justice because no such proceeding exists.

The government indicted Mr. Lamond and presented its case in chief tracking the language of subsection (a)(6). Their reliance on this subsection is flawed and fatal to the prosecution. For that reason, Mr. Lamond moves for judgment of acquittal as to Count One of the Indictment. Dkt. 1.

**Legal Standard**

When weighing a defendant's motion for judgment of acquittal under Rule 29, the court must "consider [] the evidence in the light most favorable to the government and determin[e] whether, so read, it is sufficient to permit a rational trier of fact to find all of the essential elements of the crime beyond a reasonable doubt." *United States v. Kayode*, 254 F.3d 204, 212–13 (D.C.

Cir. 2001) (cleaned up). The government gets the benefit of all legitimate inferences, *see United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983), and the motion must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Arrington*, 309 F.3d 40, 48 (D.C. Cir. 2002) (cleaned up). This test applies in both the jury trial and bench trial contexts. *See, e.g., United States v. Jabr*, 2019 WL 13110682 *2 (D.D.C. May 16, 2019); *United States v. Salman*, 378 F.3d 1266, 1267 n.3 (11th Cir, 2004); *United States v. Doe*, 136 F.3d 631, 636 (9th Cir. 1998) ("The same test applies to both jury and bench trials.").

**Obstruction of Justice**

Count One of the Indictment charges Mr. Lamond with violating D.C. Code § 22-722, Obstruction of Justice. Specifically, subsection (a)(6), the clear language which the government chose and used in the indictment, provides an offense if any person "[c]orruptly, or by threats of force, any way obstructs or impedes . . . the due administration of justice in any official proceeding." § 22-722(a)(6). "When interpreting a statute, the judicial task is to discern and give effect to, the legislature's intent." *A.R. v. F.C.*, 33 A.3d 403, 405 (D.C. 2011) (cleaned up). When so interpreting, the court "do[es] not read statutory words in isolation; the language of surrounding and related paragraphs may be instrumental in understanding them." *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 652 (D.C. 2005) (en banc). And when one interpretation of statute "would lead to absurd consequences which the legislature could not have intended," that interpretation must be rejected. *Cardozo v. United States*, 315 A.3d 658, 672 (D.C. 2024) (cleaned up). Indeed, even if the "literal interpretation of the statute would lead to an absurd result, the court will follow the legislative intent despite literal wording." *Moten v. United States*, 81 A.3d 1274, 1277 (D.C. 2013) (cleaned up).

Other related sections of the D.C. Code define key terms present in § 22-722(a)(6). Section 22-721(4) defines "official proceeding" as "any trial, hearing, investigation, or other proceeding in a court of the District of Columbia or conducted by the Council of the District of Columbia or an agency or department of the District of Columbia government, or a grand jury proceeding." Section 22-721 separately defines a "criminal investigation" in subpart (3) as "an investigation of a violation of any criminal statute in effect in the District of Columbia"; the phrase "criminal investigation" is used in other parts of § 22-722 under which Mr. Lamond's conduct squarely does not fall. Looking at the chapter of the Code in concert, the kind of "investigation" which qualifies as an "official proceeding" under § 22-722 is not the kind of "criminal investigation" separately defined in § 22-721 and used as a discrete term in other parts of the obstruction statute.

To discern the legislative intent behind § 22-722, consider the D.C. Council's Report on the proposed Code Section from 1981. There, the Council expressly stated the term "official proceeding" "was intended to include proceedings in which rights, issues, and other matters are adjudicated as well as investigatory proceedings such as grand jury proceedings." *United States v. Wynn*, 48 A.3d 181, 189–90 (D.C. 2012) (quoting D.C. Council, Report on Bill 4-133 at 104 (Feb. 12, 1981)).[1]

And to consider the routine criminal investigations of the Metropolitan Police Department ("MPD") as the kinds of "investigatory proceedings" the Council intended § 22-722 to cover would produce those same absurd results courts take pains to avoid. First, *Wynn*, explained more below, forecloses the literal reading of "investigation" in § 22-722 to include a routine criminal investigation by the MPD as an "official proceeding" in the "due administration of justice." *Wynn* at 191. Second, consider the implications of so finding here: if Mr. Lamond is guilty under § 22-

---

[1] The record in this matter is clear that this misdemeanor investigation never involved the use of a grand jury.

3

722 for acknowledging to the subject of a police investigation that there was, in fact, such an investigation, then any family member who alerts their loved one of investigators asking after them, any reporter who requests comment from a defendant before their arrest occurs, all could be guilty under the government's espoused theory. And where a violation of § 22-722 carries a maximum penalty of between three and thirty years imprisonment, the absurdity of the government's reading appears. Mr. Lamond asks this Court not to adopt that absurdity here.

In support of this, Mr. Lamond directs the Court to *United States v. Wynn*. There, the government prosecuted the defendants for obstruction of justice under § 22-722(a)(6) on the theory that, by hiding guns and by physically preventing police from entering their hiding place, the defendants had obstructed an investigation of an agency of the District. *Wynn*, 48 A.3d at 184. The defendants did not object to a jury instruction that defined the term "official proceeding" as including the fatal shooting investigation by MPD, including the search for the gun and the attempted arrest of the defendants on the scene. *Id.* at 185. Even when moving for judgment of acquittal, the defendants did not argue that the MPD investigation into the shooting was not an "official proceeding" involving the "due administration of justice." *Id*. at 187. However, they did argue on appeal that the obstruction charge was "misconceived" and called upon the appellate court to "determine the reach of the statute which prohibits obstruction of justice." *Id*. at 187–88.

Answering that call, the appellate court first recognized that the language of § 22-271(4) defining official proceeding "literally" includes some kinds of "investigations" by agencies of the District of Columbia, and that MPD is one such agency of the District. *Wynn* at 188. But to credit the government's argument that this is enough to apply § 22-722(a)(6) "omits the full language of the statute that gives these terms meaning, including the language of § 22-722(a)(6) itself." *Wynn* at 188.

In its analysis, the court considered both the statutory construction and the legislative history of § 22-722. That interpretation involved turning to Black's Law Dictionary, the D.C. Council's Report on the proposed Code Section, and the separate definition of "criminal investigation" under § 22-721(3). *Wynn* at 189–90.

The *Wynn* court found the "official proceeding" contemplated by the obstruction statute to be some kind of "formal event" which bears "little resemblance" to those routine investigations police undertake. *Id*. at 189. The court lists as examples of this kind of "formal event" a grand jury proceeding, a D.C. Council hearing, or even an MPD internal investigation into police misconduct via a "hearing tribunal." *Id*. at 189, n.10. This coincides with the Council Report on the matter, which expressly states the term "official proceeding" "was intended to include proceedings in which rights, issues, and other matters are adjudicated as well as investigatory proceedings such as grand jury proceedings." *Id*. at 189–90 (quoting D.C. Council, Report on Bill 4-133 at 104 (Feb. 12, 1981)). The kind of "investigation" covered by the words "official proceeding" is separate and apart from a "criminal investigation," given special definition and used separately in the statute to separate effect. *Wynn* at 189–91. And of the "due administration of justice," in whose course that "official proceeding" must be, the appellate court found a primary, "if not exclusive[]," use as describing "the proper functioning and integrity of a court or hearing." *Id*. at 191.

In sum, *Wynn* addresses head-on the question of whether § 22-722(a)(6) contemplates interference with an MPD investigation into criminal misconduct as "obstruction," and answers that it does not. The government may attempt to limit *Wynn* to emergency situations, where police actively investigate a crime scene or the immediate area after an offense like in *Wynn*'s facts. But the D.C. Court of Appeals characterizes *Wynn*'s reach more broadly, saying that they "answered . . . in the negative" the question of whether "interfere[ing] with an MPD investigation could qualify

5

as "obstructing or impeding the due administration of justice in any official proceeding." *Mason v. United States*, 170 A.3d 182, 191 (D.C. 2017). And in the days since *Wynn*, the government and trial court have repeatedly agreed that obstruction convictions are inappropriate when they lack an "official proceeding" in light of *Wynn*. *See Jones v. United States*, 99 A.3d 679, 689 (D.C. 2014) (government dismissing § 22-722(a)(6) charge in light of *Wynn*); *Mobley v. United States*, 101 A.3d 406, 423 n.13 (D.C. 2014) (government agreeing § 22-722(a)(6) conviction must be reversed in light of *Wynn*); *Jenkins v. United States*, 113 A.3d 535, 539 n.1 (D.C. 2015) (same); *Hawkins v. United States*, 119 A.3d 687, 696 n.17 (D.C. 2015) (same). Where the highest court in the District has found § 22-722(a)(6) inapplicable to those routine criminal investigations which MPD undertakes, Mr. Lamond respectfully asks this Court find the government has not and cannot meet its burden of proof as to Count One and order acquittal on the same.

**Alternative Charges**

The Court also asked defense counsel what statute would apply to Mr. Lamond's actions if not § 22-722(a)(6). Mr. Lamond maintains that, as charged, he cannot be convicted of obstruction of justice under any provision of § 22-722. However, Mr. Lamond recognizes that at least some of the conduct that the government described at trial could be the basis of other offenses. For example, the government spent considerable time at trial discussing Telegram messages between Mr. Lamond and Mr. Tarrio, which self-destructed and were thus not recoverable, or were deleted from Mr. Lamond's phone. To the extent that the government could prove Mr. Lamond set messages to self-destruct while knowing that an official proceeding was pending or likely to be instituted, and that he acted with the intent to impair the integrity or availability of those messages for use in that proceeding, he could have liability under D.C. Code § 22-723(a),

6

tampering with physical evidence.[2] Specifically, both *Mason* and *Taylor v. United States*, 267 A.3d 1051, 1060 (D.C. 2022) recognize that an MPD criminal investigation is an official proceeding within the context of the tampering statute. *Mason*, 170 A.3d at 191; *Taylor*, 267 A.3d at 1060. In *Taylor*, that meant concealing a firearm for another while police actively searched for it was permissibly charged as tampering, where it could not be charged as obstruction under § 22-722(a)(6). *Taylor* at 1060–61.

Further, if the government had produced evidence at trial that Mr. Lamond had *affirmatively* warned Mr. Tarrio of his impending arrest so as to deter him from apprehension, the government could have pursued a theory of culpability under § 22-722(a)(6) that Mr. Lamond interfered with Mr. Tarrio's prosecution, an official proceeding, by witness tampering – if they can prove a criminal defendant is a "witness" in his own prosecution. Or if Mr. Lamond had *intentionally refused* to identify Mr. Tarrio in photos to police, that hypothetically false answer could have impeded Mr. Tarrio's prosecution by preventing an accurate identification. Or if Mr. Lamond had ever used or threatened to use force to interfere with the criminal investigation into Mr. Tarrio, his conduct could be culpable under other provisions of § 22-722. Ultimately, though, the evidence produced on this record was in no way analogous to these other potential theories to support conviction under § 22-722(a)(6) in light of *Wynn*.

**Waiver**

Finally, the Court also asked the parties to consider whether, by not raising a deficiency in the pleadings motion under Fed. R. Crim. Pro. 12, Mr. Lamond effectively waived this argument for purposes of his Rule 29 motion. Waiver is the "intentional relinquishment or abandonment of a known right," which extinguishes violation of that right as error on appeal. *United States v.*

---

[2] This is not the situation in this matter and the government offered no such theory or evidence.

*Olano*, 507 U.S. 725, 733 (1993). Objections based on a defect in the indictment must be raised before trial or suffer that waiver. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994). When a motion for judgment of acquittal alleges the government's evidence is "insufficient to sustain a conviction," rather than argue a defect in the indictment itself, Rule 29 is the appropriate vehicle for resolution. *Id*.

Mr. Lamond has not waived any arguments necessary to his Rule 29 motion. This is true for three reasons.

First, Rule 12 does not apply here where, had the evidence produced at trial been different, the indictment could have been sufficient on its face. As *Wynn* acknowledged, a grand jury investigation "comfortably" fits in the definition of an "official proceeding" under § 22-722(a)(6). *Wynn* at 189. Had the government here provided sufficient evidence at trial that Mr. Lamond interfered with a grand jury investigation or the "prosecution" of the charges against Mr. Tarrio, the indictment on its face could be sufficient to support conviction on those hypothetical facts. Dkt. 1. But the government did neither of those things. And it was not until trial that the government's failure to offer any evidence of proof necessary for Count One became known. The government offered no evidence whatsoever that there was a grand jury proceeding and there was no evidence offered that Mr. Lamond did anything to obstruct the prosecution of Mr. Tarrio following his arrest on January 4, 2021 (the end date of the alleged obstruction) Accordingly, Rule 12 does not limit the timeliness of Mr. Lamond's argument here to only pretrial motions.

Second, in *Wynn* itself, the defendants never objected to the erroneous jury instruction on "official proceedings" and never raised in their motion for judgment of acquittal that a routine MPD investigation cannot be an "official proceeding" in the "due administration of justice." *Wynn* at 185, 187. Even so, the appellate court considered the attack against the obstruction conviction

raised on appeal and determined it was meritorious. Waiver was not an issue in *Wynn*, perhaps because "[i]t would be both an obvious error and a miscarriage of justice for a defendant to stand convicted of an offense which the law does not make a crime." *Wynn* at 188 (quoting *Mitchell v. District of Columbia*, 741 A.2d 1049, 1052–53 (D.C. 1999).

Third, even if a Rule 12 motion was the appropriate method to raise Mr. Lamond's arguments here, Rule 12(c)(3) makes clear that an untimely motion under Rule 12(b)(3) may still be heard for good cause shown. Here, good cause exists where only the evidence presented by the government at trial could demonstrate the inadequacy of the obstruction charge under *Wynn*. Thus, even if a pretrial Rule 12(b)(3) motion would have been the right vehicle to challenge the alleged offense, this Court can consider the failure of the government to prove its burden in a legally cognizable way all the same. Had Mr. Lamond raised this issue in a pretrial motion, it could have resulted in a dismissal and the filing of the appropriate charges rather than the current result of dismissal after the attachment of jeopardy.

For these reasons, Mr. Lamond moves this Court to enter judgment of acquittal as to Count One.

Date:  December 10, 2024                             Respectfully submitted,

                                                    /s/ Mark E. Schamel
                                                    Mark E. Schamel (Bar No. 463965)
                                                    Ana L. Jara (Bar No. 1023086)
                                                    Venable LLP
                                                    600 Massachusetts Ave NW
                                                    Washington, DC 20001
                                                    Tel: (202) 344-4631
                                                    Fax: (202) 344-8300
                                                    Email: meschamel@venable.com
                                                               aljara@venable.com

                                                    *Counsel for Defendant Shane Lamond*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I caused a copy of the foregoing to be sent via the Court's CM/ECF system to all counsel of record.

    /s/ Mark E. Schamel
Mark E. Schamel