UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SHANE LAMOND,

Defendant.

CRIMINAL NO. 23-cr-177-ABJ

# UNITED STATES' OPPOSITION TO
# DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

The defendant asks this Court to grant a judgment of acquittal under Federal Rule of Criminal Procedure 29(a) because, he argues, incorrectly, that as a matter of law, D.C. Code § 22-722 cannot apply to Metropolitan Police Department (MPD) criminal investigations.[1]  For the reasons set forth below, the Defendant's motion should be swiftly denied.

## I. Legal Standards Governing Defendant's Motion

Federal Rule of Criminal Procedure 29 requires a court to grant a defendant's motion for a judgment of acquittal for any "offense for which the evidence is insufficient to sustain a conviction."  In reviewing a motion for judgment of acquittal under Rule 29, the trial court "must view the evidence in the light most favorable to the Government." *United States v. Treadwell*, 760 F.2d 327, 333 (D.C. Cir. 1985) (citation and internal quotation marks omitted).  F.2d 413, 437 (D.C. Cir. 1983) (court must also "accord [] the government the benefit of all legitimate inferences"). The standard for a Rule 29 motion is "very high," and the evidence to support a

---

[1] The defendant did not raise a timely challenge to the indictment for failing to state a claim under Rule 12(b)(3).  Thus, he has waived the arguments set forth in his motion. To the extent the Court grants defendant's motion, Court One should be dismissed without prejudice to the Government's ability to rebring the obstruction charge.

conviction does "not need to be overwhelming." *United States v. Pasha*, 797 F.3d 1122, 1135 n.9 (D.C. Cir. 2015).

## II. Relevant Facts

### a. The Indictment and Statutory Language

D.C. Code § 22-722 states:

> "(a) A person commits the offense of obstruction of justice if that person: …
> (6) Corruptly, or by threats of force, any way obstructs or impedes or endeavors to obstruct or impede the due administration of justice in any official proceeding."

D.C. § 22-722(a)(6). Official proceeding is specifically defined by statute as "any trial, hearing, investigation, or other proceeding in a court of the District of Columbia or conducted by the Council of the District of Columbia or an agency or department of the District of Columbia government, or a grand jury proceeding." D.C. Code § 22-721(a)(4). In other words, by statute, official proceeding is defined to include "investigation[s]" and "other proceeding[s] in a Court of the District of Columbia."

Wholly consistent with this language, the indictment in this case charges the defendant "did corruptly obstruct and impede and endeavor to obstruct and impede the due administration of justice in an official proceeding, that is, the investigation and prosecution of destruction of property arising from the December 12, 2020, burning of a banner that read "#BLACKLIVESMATTER" in Washington, D.C." *See* ECF No. 1 (Indictment) at ¶74.

### b. The Evidence at Trial

At trial, it was undisputed that MPD, a District of Columbia agency, conducted an investigation into the burning of a Black Lives Matter banner. *See, e.g.,* Trial Tr. 12/6/24 at 36 (Lamond Testimony) (discussing the existence of an MPD, but not FBI, investigation). It was also undisputed that there was a prosecution of Enrique Tarrio arising from the banner burning

investigation, and that this prosecution was initiated no later than January 1, 2024, the date the warrant for his arrest was signed; the defendant conceded that he knew the warrant was pending with United States Attorney's Office by December 29, and that it had been signed by the Court by January 1. *Id.* at 151, 155. In sum: the evidence at trial proved the existence of both an investigation conducted by a D.C. agency, and a proceeding in a Court in the District of Columbia – that is, the prosecution of Mr. Tarrio, a part of which was swearing and obtaining the arrest warrant for him.

Further, at trial, the government admitted ample evidence of the Defendant's actions to obstruct the banner burning investigation, all of which went well beyond the initial response of MPD to the scene of the burning on December 12, 2020. For example, on December 25, 2020, the Defendant told Mr. Tarrio that he had been asked to identify Mr. Tarrio, and that MPD might submit an arrest warrant. In addition, multiple witnesses discussed the formal process by which MPD might designate an incident as a "hate crime," the Defendant's role in that process, and the actions the Defendant took at Mr. Tarrio's behest as a result.

At trial, the government also admitted ample evidence of the Defendant's actions to obstruct the prosecution of Mr. Tarrio after the formal proceeding, the prosecution, was initiated. Specifically, the evidence, viewed in the light most favorable to the government, proved that the defendant tipped Mr. Tarrio off as to the existence of the warrant for his arrest on January 4, 2020.

### III. D.C. Code § 22-722 Applies to Criminal Investigations as Proved at Trial

By statutory definition, the term "official proceeding" as used in D.C. Code § 22-722(a)(6) applies to D.C. investigations. The defendant, at 3, appears to concede as much. The defendant argues that this does language does not encompass MPD "criminal" investigations, however,

relying exclusively on *Wynn v. United States*, 48 A.3d 181 (D.C. 2012). The defendant stretches *Wynn* well beyond its holding.[2]

In *Wynn*, the charged obstruction, under § 22-722(a)(6), arose from MPD's incipient investigation into a shooting and the hiding of a gun at the scene of the crime right after the shooting occurred. *Id*. at 184, 186 ("At trial, the government argued that the obstruction of justice charges were for the hiding of the gun."). D.C. Court of Appeals overturned the defendant's obstruction conviction finding that, "the due administration of justice in any official proceeding" as defined in § 22-721(a)(4) does not include "an initial police response to the scene of a crime." *Id.* at 191 (D.C. 2012).

To reach this conclusion, the D.C. Court of Appeals relied in conclusory fashion on legislative history from 1993 when the word "investigation" was added to the definition of official proceeding. Prior to 1993, "official proceeding" was defined as "any trial, hearing, or other proceeding in any Court of the District of Columbia or any agency or department of the District of Columbia government" and, as the D.C. Court of Appeals notes, this language was meant to capture "proceedings in which rights, issues, or other matters are adjudicated *as well as investigatory proceedings such as grand jury proceedings*." *Id*. at 190 (emphasis added). In 1993, "investigation" was added to the definition. The Court then concludes that this language was meant to be consistent with the original scope of the statute, and not meant to create a new felony for hiding evidence from officers responding to the scene of a crime. *Id*.

---

[2] The defendant also implies (at 3) that somehow the existence of a separate definition for "criminal investigation" in D.C. Code § 22-721(3) somehow limits the parameters of the "official proceeding" defined in D.C. Code § 22-721(4). The plain language of the statute does not suggest one definition limits another. Nor would it be illogical for a law to use different definitions for offenses that may partially overlap with one another. Here, it made sense for the code to define "criminal investigation" for the purposes of clarifying the term used for separate offenses under D.C. Code § 22-722(a)(3).

Case law subsequent to *Wynn* makes clear that its limitations on § 22-722(a)(6) do not foreclose its application to all MPD investigations. Indeed, the D.C. Court of Appeals, construing *Wynn*, has rejected the very interpretation thereof that the defendant now urges on this Court – emphasizing how *Wynn*'s facts and reasoning were applied only to "an initial police response to the scene of a crime," *Wynn*, 48 A. 3d at 191. *See Mason v. United States*, 170 A.3d 182, 191 (D.C. 2017) (even under *Wynn*, "the definition of 'official proceeding' in § 22–721 (4) 'literally includes' MPD investigations" and "'the term "official proceeding" standing alone conceivably could include' an MPD investigation," quoting Wynn, 48 A.3d at 188, 191). *See also, e.g., Decuir v. United States*, 285 A.3d 512, 522 (D.C. 2022) citing *Smith v. United States*, 68 A.3d 729, 742 (D.C. 2013) ("The term corruptly [as used in § 22-722(a)(6)] indicates an intent to undermine the integrity of [a] pending investigation"); *Taylor v. United States*, 267 A.3d 1051, 1060 (D.C. 2022) (Wynn's limitations do not apply to obstruction brought under § 22-723 (witness tampering) despite the same definition of official proceeding).

Here, unlike in *Wynn*, the use of § 22-721(a)(6) as limited by the definition of official proceeding in § 22-721 (4) is wholly consistent with the statute's legislative history, as the proceeding being obstructed was not the police response to the scene of a crime but rather akin to an "*investigatory proceeding"* such as a grand jury proceeding. As the evidence at trial proved, the defendant engaged in a sustained pattern of conduct designed to impede the banner burning investigation over many weeks, through clandestine contact with its primary suspect – not during a mere initial police response to the scene. As such, *Wynn* is not applicable. Further, when the District of Columbia Court of Appeals declined to extend Wynn to witness tampering, in *Taylor,* it reasoned that the evidence was sufficient to supporting a finding that the defendant was aware

of the police investigation. *Taylor v. United States*, 267 A.3d 1051, 1061 (D.C. 2022). The Court can easily make the same finding as to defendant Lamond.

Moreover, the Court need not rely on the "investigation" prong of the "official proceeding" definition to convict the defendant; the evidence proved he obstructed and impeded – and endeavored to obstruct and impede – the subsequent *prosecution* of the defendant, the latter of which falls squarely into the definition of official proceeding in § 22–721 (4) that is undisturbed by *Wynn*. The defendant suggests otherwise by arguing, at 7, that the evidence did not show that he "affirmatively" warned Mr. Tarrio of the forthcoming arrest. Not so. The evidence was quite clear: the defendant told Mr. Tarrio that the warrant had been signed. Similarly, the defendant affirmatively advised Mr. Tarrio in a written message that he was being asked to identify him for a warrant, a warning obviously in contemplation of the subsequent prosecution and with obvious ramifications for it. Among other things, the defendant conceded that giving the defendant foreknowledge of his arrest would be wrongful, and multiple witnesses explained that this could impede the proceeding, by, for example, jeopardizing officer safety during the arrest execution.

For the foregoing reasons, the Court should deny the Defendant's motion for judgment of acquittal.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

*/s/*
Rebecca G. Ross
N.Y. Bar Number 5590666
Joshua S. Rothstein
N.Y. Bar Number 4453759
Assistant United States Attorneys
601 D Street, N.W.

Washington, D.C. 2053
Office: 202-252-7164 (JSR), 202-252-6937 (RGR)
Rebecca.Ross2@usdoj.gov
Joshua.Rothstein@usdoj.gov