UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANE LAMOND,<br><br>Defendant. | CRIMINAL NO. 23-cr-177-ABJ |

## NOTICE OF POINTS AND AUTHORITIES

On April 22, 2025, this Court ordered the Government to file a memorandum of points and authorities addressing whether D.C. Code § 22-722 calls for a mandatory minimum sentence or a "statutory minimum" sentence, and asked the Government to explain what a statutory minimum sentence is for purposes of sentencing under D.C. law. In response to that Order, the Government provides notice of the following points and authorities:

Following a bench trial, the Defendant, Shane Lamond, was convicted on all four charges with which he been charged, including one count of obstruction of justice in violation of D.C. Code § 22-722. For this Count, the D.C. Voluntary Sentencing Guidelines (the "Guidelines") apply. According to the Guidelines: "A mandatory minimum term is a term of imprisonment that must be imposed by law and cannot be suspended. A statutory minimum term, in contrast, is one that must be imposed but can be suspended." *See* Guidelines at § 3.5.[1] The Guidelines make clear that regardless of whether a sentence is a "mandatory minimum" or a "statutory minimum,"

---

[1] The Guidelines are available here:

https://scdc.dc.gov/sites/default/files/dc/sites/scdc/page_content/attachments/2023%20Guidelines%20Manual.pdf

1

the minimums do not change, and "[a]n imposed sentence cannot be lower than the minimum even if lower sentences are otherwise available[.]" *Id.*

As relevant here, the Guidelines specify that only certain charges require mandatory minimum sentences. *Id*. These charges include, for example, First Degree Murder, Carjacking, and Crimes of Violence While Armed with a Firearm. *Id.* D.C. Code § 22-722 is not one of the charges listed under those requiring a mandatory minimum sentence. Furthermore, § 22-722(6)(d) asserts: "Any person convicted of obstruction of justice shall be sentenced to a maximum period of incarceration of not less than 3 years and not more than 30 years, or shall be fined not more than the amount set forth in § 22-3571.01, or both." In contrast, a violation of D.C.'s carjacking statute indicates that "A person convicted of armed carjacking shall be fined not more than the amount set forth in § 22-3571.01 and be imprisoned for a **mandatory-minimum term** of not less than 15 years and a maximum term of not more than 40 years, or both." *See* D.C. Code § 22-2803(b)(2) (emphasis added). In short, the Guidelines and the statutory language of § 22-722 make clear that § 22-722 imposes a statutory minimum sentence of 36 months. *See also* Guidelines at App'x A.

When imposing a statutory sentence, "the Court must impose at least a statutory minimum, but the sentence that is imposed may be suspended, in whole or in part in a shaded box[2]." *Id.* at § 3.5. In other words, this Court must impose a term of imprisonment of 36 months but may suspend all or part of it. However, while such a sentence would be considered statutorily compliant, it would not be compliant under the Guidelines.

---

[2] The Guidelines use boxes to delineate between applicable sentences ranges. Each box corresponding to an offender's offense and criminal history contains a sentencing range and a color. The color corresponds to what type of sentence the offender is eligible to receive. In this case, under the Guidelines, the Defendant's applicable sentencing range of 36-84 months is in a white box. This means the Defendant is only eligible for a prison or compliant split sentence. *See* Guidelines at App'x A.

The Guidelines are intended to "promote fair and consistence sentencing policies." *See id.*, "Mission Statement." While voluntary, "there has been a high degree of compliance since the Guidelines were implemented in June 2004." *Id.* at § 1.1. As relevant here, a violation of § 22-722 "permit[s] only a prison or compliant long split sentence, unless a departure principle applies. *See* Guidelines at § 1.2.5; *see also id.* at App'x A. "In a compliant long split sentence, the court imposes a sentence within the applicable prison range, suspends execution of all but a term that also falls within the applicable prison range, such that the time initially served (not suspended) is more than six months, and places the defendant on probation for a period of up to five years. *See* 7.18; App. E. A long split sentence is "deemed compliant <u>in the box</u> with the Guidelines only when both the length of sentence and the length of time to serve in prison are <u>within</u> the range of recommended sentence lengths in a given Grid box." Guidelines Issue Paper #2 at 3 (emphasis in original). [3] As applicable here, in order to be both statutorily compliant **and** compliant pursuant to the Guidelines, this Court must impose a term of imprisonment between 36 and 84 months, suspend no less 36 months, and impose five years of supervised release.

//

//

//

//

//

---

[3] This Issue Paper is available here:

https://scdc.dc.gov/sites/default/files/dc/sites/scdc/release_content/attachments/Final%20IssuePaper_2019_LongSplits%20%281%29.pdf

Respectfully submitted,

EDWARD R. MARTIN, JR.
UNITED STATES ATTORNEY
D.C. Bar No. 5590666

*/s/ Rebecca G. Ross*
Rebecca G. Ross
N.Y. Bar Number 5590666
Joshua S. Rothstein
N.Y. Bar Number 4453759
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 2053
Office: 202-252-7164 (JSR), 202-252-6937 (RGR)
Rebecca.Ross2@usdoj.gov
Joshua.Rothstein@usdoj.gov

4