**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.: 1:23-cr-00177-ABJ** |
| | ) | |
| **SHANE LAMOND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## EXPEDITED MOTION TO CLARIFY JUDGMENT AND DELAY BUREAU OF PRISONS REPORT DATE

Now comes the Defendant, Shane Lamond, by and through undersigned counsel to request the Court issue a new Bureau of Prisons report date in approximately sixty (60) days, with clear language for the Bureau of Prisons indicating that Mr. Lamond is not in any way involved in the events of January 6th.

The Bureau of Prisons has appropriately scored Mr. Lamond, a non-violent first offender, with a score that results in a designation to a low security camp. However, counsel has learned[1] that the Bureau of Prisons has a policy that increases the designation of all defendants affiliated with January 6th. As such, Mr. Lamond's designation was originally branded as "domestic terrorism" and he was assigned to Federal Correctional Institute (FCI) Atlanta.

Upon his FCI assignment, counsel learned from BOP that Mr. Lamond's designation was increased because he was January 6th affiliated even though, as the Court made abundantly clear during trial and sentencing, he was not. Counsel has succeeded in getting the Bureau of Prisons to move his designation to Florida, to be closer to family members, but not in having the

---

[1] Undersigned counsel learned the information recounted in this motion from speaking with Mr. Lamond's former counsel, who investigated this designation issue on Mr. Lamond's behalf.

improper enhancement removed. Mr. Lamond is still wrongly assigned to an FCI. Counsel's understanding is that, having brought this issue to BOP's attention, it is evaluating Mr. Lamond's designation, but needs between forty-five (45) and sixty (60) days to reevaluate Mr. Lamond's designation and remove the January 6th enhancement.

The FCI assignment matters for Mr. Lamond.  As an initial matter, first-time offenders in his position who self-surrender typically go to a BOP camp.  Camps, while secure, allow individuals more freedom in their movements within the facility. And, far more important, that flexibility is permitted because BOP has determined those inmates are low risk.  That means these facilities are substantially less dangerous and violent than the prison Mr. Lamond will be sent to with his FCI designation.  As a law enforcement officer, he is at a higher risk of being victimized in prison, and that risk is substantially increased if he is sent to a FCI facility where his fellow inmates will have been convicted of more serious crimes.

Mr. Lamond understands the sentence he has received and is not asking for the Court to change it. Instead, he is asking the Court to delay his report date to the Bureau of Prisons until **no sooner than October 1, 2025**, to give BOP and counsel more time to resolve this designation issue.

In addition, he requests that the Court issue a specific recommendation to BOP that makes clear that Mr. Lamond is not affiliated or associated with January 6 itself, and that he should not receive any enhancement for domestic terrorism or any other BOP enhancement applicable to January 6th defendants.  Ideally, this language would be included in the judgment itself under the heading "Imprisonment" and recommend that Mr. Lamond be designated to "the camp at FCI Cumberland or another camp as close to family as possible, but that he not receive any enhancement for domestic terrorism nor any other BOP enhancement applicable to January

6th defendants, because Mr. LAMOND IS NOT AFFILIATED OR ASSOCIATED WITH JANUARY 6th." Counsel's understanding is that, with this additional clarifying language, the Bureau of Prisons will assign Mr. Lamond to the appropriate facility and not to a higher security facility which will put his safety in jeopardy.

Per AUSA Josh Rothstein, the U.S. Attorney's office does not oppose the delay in Mr. Lamond's report date, nor does it take a position on the requested recommendation. However, in its view, the Court lacks jurisdiction to amend the judgment itself. The United States Probation Office for the District of Columbia, per Sondra Rhodes, takes no position on the requested relief. The United States Pretrial Services Office, per Shania Fennell, has confirmed to counsel that Mr. Lamond remains in full compliance with all the terms of his release, but also does not take a position regarding the request.

Date: July 31, 2025

Respectfully submitted,

A.J. Kramer
Federal Public Defender

  /s/  _____

Courtney L. Millian
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 2004
(202) 208-7500
Courtney_Millian@fd.org

*Counsel for Defendant Shane Lamond*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2025, I caused a copy of the foregoing to be sent via the

Court's CM/ECF system to all counsel of record.


　/s/ Mark E. Schamel　
Mark E. Schamel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No.: 1:23-cr-00177-ABJ** |
| | ) | |
| **SHANE LAMOND,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## [PROPOSED] ORDER

UPON CONSIDERATION of the Motion to Withdraw as Counsel for Defendant Shane Lamond, is this _____ day of _____, 2025 hereby:

ORDERED that the Motion is GRANTED for good cause shown; and

ORDERED that Ana L. Jara's appearance as counsel for Shane Lamond is hereby withdrawn.

SO ORDERED.


Dated: _____          _____
                                 The Honorable Amy Berman Jackson
                                 United States District Judge